**Albert Robleto AYALA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 235–82.**

Court of Criminal Appeals of Texas, En Banc.

June 2, 1982.

Paul V. Enriquez, Richard Alan Anderson, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty. & Henry G. Whitley, Greg Davis & Mary Ludwick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ROBERTS, Judge.

After he was convicted of burglary on a plea of guilty, Ayala gave notice of appeal. His appointed counsel (who was joined on the brief by another attorney) filed a brief which certified that the appeal was "without merit and ... frivolous"; the attorney certified that he delivered a copy of the brief to the appellant and advised him that he could examine the record and file a brief pro se. *See generally Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Cr.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Cr.App.1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969). The appellant did not file a brief pro se. The court of appeals affirmed, agreeing that the appeal was "wholly frivolous and without merit." [1]

The appointed counsel has filed a petition for discretionary review. The only ground for review [2] is a "request" that we examine the record for error. The reasons for review,[3] in toto, are:

> "APPELLANT REQUESTS THAT THIS HONORABLE COURT EXAMINE THE RECORD AND TRANSCRIPT OF THE CASE FOR ERROR AND TO GRANT A NEW TRIAL. [sic]
>
> "Appellant wishes to acknowledge to the Court that he brings this motion without specifing [sic] to the Court error. Further, that he brings this motion without pointing out to the Court important questions of state law in conflict with the applicable decisions of the United States Supreme Court. Appellant wishes to ac-

knowledge that after notice by certified mail from counsel Appellant did not request to view the record or file a pro se brief. However, Appellant has demanded that counsel file this Motion for discretionary review of his appeal by the Court of Criminal Appeals." Petition for Discretionary Review 3.

This petition lacks even colorable grounds for review, but we write because it reflects a misconception about the duty of appellate counsel which others may share.

■■■ The United States Constitution does not require a state to provide appellate courts or a right to appellate review of criminal convictions. *McKane v. Durston*, 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867 (1894). But, if a state chooses to provide them, the Fourteenth Amendment forbids it to deny poor defendants an adequate review. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Specifically, it may not deny indigent defendants the services of counsel on the first level of appeal from a criminal conviction, which it grants as a matter of right. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). "[W]here the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." *Id.* at 357, 83 S.Ct. at 816 (emphasis in original). But the Fourteenth Amendment does not require a state to provide indigents with the services of counsel in seeking discretionary review beyond the first step of appeal. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Since an appellant has no constitutional right to counsel in seeking such discretionary review, he could not be deprived of the effective assistance of counsel by his counsel's failure to file a timely application for review of an intermediate court's decision.

---

1. *Ayala v. State*, No. 05–81–00818–CR, slip op. at 2 (Tex.App.—Dallas, January 27, 1982) (unreported).

2. A petition for discretionary review "shall include" grounds for review or questions presented for review. Tex.Cr.App.R. 304(d)(4).

3. A petition for discretionary review "shall include" reasons for review. Tex.Cr.App.R. 304(d)(5).

*Wainwright v. Torna,* —— U.S. ——, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam).[4]

■ In Texas, a defendant in any criminal action has the right of appeal. V.A.C.C.P., Article 44.02. Except for cases in which the death penalty has been assessed, the appeal as a matter of right is to a court of appeals. Texas Constitution, Article 5, Section 5. The decisions of the courts of appeals may be reviewed by this court, but the appellant has no right to such a review. "Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion." *Id.* Therefore, the Fourteenth Amendment does not require that indigent appellants be provided with the services of counsel in seeking discretionary review in this court. *Ross v. Moffit,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Indigent appellants are not deprived of the effective assistance of counsel if appointed counsel fail to file a petition for discretionary review of a court of appeals' decision. *See Wainwright v. Torna,* —— U.S. ——, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam). The United States Constitution does not impose a duty on appointed counsel to file a petition for discretionary review by this court.

State law imposes no such duty, either. *See* V.A.C.C.P., Articles 26.04 and 26.05. In fact, Tex.Cr.App.R. 302(c) indicates that filing a petition for discretionary review should be far from a matter of routine:

"(c) In determining whether to grant or deny discretionary review, the following, while neither controlling nor fully measuring the Court of Criminal Appeals' discretion, indicates the character of reasons that will be considered:

"(1) Where a court of appeals has rendered a decision in conflict with the decision of another court of appeals on the same matter;

"(2) Where a court of appeals has decided an important question of state or federal law which has not been, but should be, settled by the Court of Criminal Appeals;

"(3) Where a court of appeals has decided an important question of state or federal law in conflict with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

"(4) Where a court of appeals has declared unconstitutional, or appears to have misconstrued, a statute, rule, regulation, or ordinance;

"(5) Where the justices of the court of appeals have disagreed upon a material question of law necessary to its decision; and

"(6) Where a court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision."

Tex.Cr.App.R. 302(c).

■ This appellant had no right to "demand" that his appointed counsel file a petition for discretionary review, and counsel had no duty to file it. It is without merit, and it is refused.

McCORMICK, J., concurs in result.

CLINTON, Judge, concurring.

The majority opinion is fraught with very high potential for much low mischief. Even now one feels pity for the indigent appellant whose appointed counsel achieved a reversal in the court of appeals and proudly retired from the appellate affray with his victory, leaving his erstwhile client to fend for himself when the State seeks discretionary review from this Court.

---

4. This is not to say that indigent appellants have no recourse from the misfeasances of appointed counsel after the decision of an intermediate court. If an appointed counsel deprived the client of his right to apply, pro se, for discretionary review—by volunteering to make a timely application for discretionary review and failing to do so, for example—then there might be a due process violation. *See Wainwright v. Torna,* —— U.S. ——, ——, n. 4, 102 S.Ct. 1300, 1301, n. 4, 71 L.Ed.2d 475 (1982).

In *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court of the United States held that "where the merits of *the one and only appeal* an indigent has of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor," *id.*, U.S. at 357, 83 S.Ct. at 816 (emphasis in original). That the Supreme Court later turned that holding upside down to come to its conclusion in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) does not oblige this Court to stand our own Constitution on its head.

In a context of the constitutional caution that discretionary review by this Court "is not a matter of right, but of sound judicial discretion," Article V, § 6, it is easy to conclude that denial of discretionary review by this Court is not fundamentally unfair and perforce no violation of due process requirements. But it is a mistake to concentrate on mandates of "the due course of the law of the land," Article V, § 19, such that one ignores the constitutional insistence that "[a]ll free men . . . have equal rights," Article I, § 3. Granted that the Opinion of the Court in *Ross v. Moffitt*, supra, U.S. at 611–616, 94 S.Ct. at 2444–2447, resolved "equal protection notions" of the Fourteenth Amendment against Moffitt on its own theory of relativeness: "But both the opportunity to have counsel prepare an initial brief in the Court of Appeals and the nature of discretionary review in the Supreme Court of North Carolina make this relative handicap far less than the handicap borne by the indigent defendant denied counsel on his initial appeal as of right in *Douglas*," *id.*, at 616, 94 S.Ct. at 2446–2447, still the Supreme Court was declaring just what it concluded is the "duty of the State under our cases," and even then the Supreme Court wound up by finding that duty is "only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellant process," *id.*, at 616, 94 S.Ct. at 2447—back again, then, to its perception of that which is "fair." [1]

Though no appellant in a cause has the "right" to have this Court grant discretionary review, he certainly has the right to petition the Court "for review of the decision of a court of appeals in that case," Article 44.45(b)(1), V.A.C.C.P. Yet, in finding that an appointed appellate attorney has no duty to file a petition for discretionary review by this Court, though it may not actually say so, the majority opinion leaves one with the firm impression that an indigent appellant is not entitled to assistance of appointed counsel in preparing and filing his petition for discretionary review. That view comes perilously close to approving unequal treatment "founded upon unreasonable and unsubstantial classification of persons" who are paupers. See *Rucker v. State*, 170 Tex.Cr.R. 487, 342 S.W.2d 325, 327 [2] (1961). It also presages trouble in store for the appellant who is converted into a respondent on the State's filing its petition for discretionary review. All of which is just some of the mischief alluded to at the outset.

However, like Judge Teague, because the petition for discretionary review was prepared and has been filed by an appointed appellate counsel, I would not reach beyond general constitutional principles of equal rights and equal protection, *viz*:

"[A] state law is not repugnant to either constitutional provision so long as unequal treatment of persons is based upon a reasonable and substantial classification of persons. Unequal treatment of persons under a state law which is founded upon unreasonable and unsubstantial classification constitutes discriminatory state action and violates both the state and federal constitutions."

---

1. As envisioned by the Supreme Court majority, in framing a request for review an indigent appellant could satisfactorily make do with the brief prepared and filed by appellate counsel in the intermediate court of appeals. However, this Court routinely refuses a petition for review which merely restates failed grounds of error since that does not give us *reasons* why review should be granted. See Tex.Cr.App. Rule 302(c).

2. Though addressing a different problem in *Rucker*, supra, the Court solved it by resort to

the merit of the petition, and since it has none I concur in refusing it.

ONION, P. J., joins.

TEAGUE, Judge, concurring and dissenting.

I concur only in the result that the majority of this Court reaches in this cause—that the appellant's petition for discretionary review should be refused.

I must also confess to the reader that I have yet to figure out why anyone would sound the alarm, in a case such as this, as has been done in this cause by the majority. The appellant's petition for discretionary review should have been summarily refused, and the members of this Court should not be wasting their valuable and limited time on this case, because of reasons hereinafter stated.

I, therefore, only concur in the result reached by the majority. However, in doing so, I find I must strongly disagree with the majority's new rule of law, which is implicitly stated in the opinion, that is, that in all cases where a defendant is represented by court appointed counsel on appeal, it shall never be necessary for such counsel to prepare and file a petition for discretionary review. My literal reading of the majority's opinion leads me to conclude that the Court today is perhaps acting Legislatively and not judicially, as it should. I further find that the majority's opinion is filled with sand and booby-traps, which I predict will in the future unnecessarily cause this Court's members many, many headaches and problems.

It should be apparent to anyone who carefully reads the majority's opinion that what apparently provoked the writing of the opinion is the fact that the appellant's court appointed counsel, in his petition for discretionary review, stated that he was filing same only because "Appellant has *demanded* that counsel file this Motion [sic] for the discretionary review of his appeal by [sic] this [sic] Court of Criminal Appeals." (Emphasis Added). However, there is absolutely nothing in the record to substantiate or support this statement of counsel. Nevertheless, I will assume it is true.

The appellant's petition for discretionary review should have been summarily refused because it fails to comply with this Court's Rule 304(d)(4), Tex.Cr.App.R., which provides as follows:

(d) A petition for discretionary review shall be as brief as possible. It shall be addressed to 'the Court of Criminal Appeals of Texas' and shall state the name of the party or parties applying for review. The petition shall include the following:

.    .    .    .    .

(4) Grounds for Review. A statement of the grounds upon which the petition is predicated shall be stated in short form without argument and the grounds shall be separately numbered. Where the party filing the petition has access to the record, he shall (after each ground) refer to the page of the record where the matter complained of is found. In lieu of grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the questions should be short and concise and should not be argumentative or repetitious.

It should be obvious to anyone that the statement, "Appellant has demanded that counsel file this Motion [sic] for the discretionary review of his appeal by [sic] this [sic] Court of Criminal Appeals," is not a statement of a ground for review, nor is it a question presented for review by this Court. In fact, it is nothing more than a concise statement by counsel, which could have been more easily stated in a short letter to the trial court, the Clerk of the Court of Appeals, or the Clerk of this Court, with the additional question, "What do I do now?"

It is apparent to me, however, that because the Legislature of this State has never seen fit to pass legislation explicitly governing the appointment of counsel, and this Court has not seen fit to outline in its rules

the duties and responsibilities of court appointed counsel, after counsel has filed a "frivolous appeal brief" with the Court of Appeals, this is what prompted court appointed counsel to do what he did in this cause.

Although I cannot fault counsel for what he did in this cause, see *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), I sincerely believe that his time, and this Court's time, would have been better spent had he used the additional time that he spent in drafting his 4 page petition for discretionary review on his brief he filed with the Court of Appeals, because I find that it is absolutely and totally insufficient under this Court's decision of *High v. State*, 573 S.W.2d 807 (Tex. Cr.App.1978). Cf. *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969). Nevertheless, as the contents of the brief did not concern the members of the 5th Court of Appeals, and apparently do not concern the other members of this Court, I will therefore defer to the decision of the Court of Appeals that it was satisfactory under our law, if for no other reason than this appears to be a "non-contested" case-because appellant plead guilty to his accusation.

Which brings up the question, how did this case get to this Court anyway? I find that a short review of the past history of this case may be of interest to the reader of this opinion.

Appellant, a married man with two children, was charged by indictment with committing the felony criminal offense of burglary of a habitation [his former neighbor's residence] with intent to commit rape and theft [of and from his former neighbor]. Because appellant was indigent, the trial judge appointed present counsel to represent him. A trial before a jury on a plea of guilty occurred, with the facts of the case showing that the appellant broke into and entered the residence of his former neighbor, who he hardly knew, and thereafter tied her up, raped her, sodomized her, and by the statement of facts appears to have attempted to mutilate the vaginal area of her anatomy. The jury, and understandably so, rejected the appellant's application for probation and assessed his punishment within the lawful range of punishment at life imprisonment. Even though he plead guilty, Texas law provided at that time that appellant had the right to appeal his conviction to this Court. Cf. Art. 44.02, V.A.C.C.P., which concerns plea bargain type pleas of guilty or nolo contendere. Because jurisdiction of appellant's appeal was at that time in this Court, appellant gave notice of appeal to this Court. However, because of Tex.Gen.Laws, ch. 291, Sec. 149, at 820, which became effective September 1, 1981, appellant's appeal was thereafter processed to the 5th Court of Appeals in Dallas. See also Art. 40.09(8), V.A.C.C.P., as amended.

Because the appellant was still indigent when he gave notice of appeal to this Court, the trial court "appointed [the same attorney] to represent [appellant] on appeal herein." However, appellant, in his affidavit of indigency, specifically stated that he wanted "to appeal said conviction to the Court of Criminal Appeals of Texas." Interestingly, after the appellant placed his cause on appeal to this Court, another attorney appeared on his behalf in his cause. Whether this new attorney is a "free" attorney, retained attorney, or a volunteer attorney seeking appellate experience is not shown by the record. Nevertheless, he signed the "frivolous appeal certificate of counsel." See *Gainous*, supra, and *High*, supra. The certificate evidences that, in counsel's opinion, the appeal was frivolous. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). As present counsel's signature also appears on the "frivolous brief," I must assume he concurred with new counsel's conclusion that the appeal was frivolous. By the record on appeal, Appellant has never stated in writing any displeasure with the conclusion of counsel that his appeal was frivolous. In fact, even in the petition for discretionary review, there is nothing stated therein to reflect any dissatisfaction by appellant with his counsel, nor has the appellant ever demonstrated any desire to file a brief pro se.

The Court of Appeals affirmed appellant's conviction on January 27, 1982. No motion for rehearing was filed by appellant or his counsel. On March 15, 1982, appointed counsel, without the assistance of the other attorney, filed with the Court of Appeals what he denominated, "A Petition For Discretionary Review." This act of appellant's court appointed attorney immediately triggered a chain of events which has brought appellant's cause to this Court. By the terms of Tex.Cr.App.R. 304(b), (f), (g), the Clerk of the Court of Appeals shall file the petition for discretionary review in that Court, and after administrative processing will then send the record to this Court. The Clerk of the Court of Appeals, like the Clerk of this Court, has no choice about the matter as to whether or not to file the petition for discretionary review. Neither are concerned about the contents of the denominated instrument. If it is labeled or entitled, "Petition for Discretionary Review," it will be filed as such. Once the record reaches this Court, it is administratively processed. As noted by this opinion and the majority opinion, it is unanimous by the members of the Court that the petition should be refused.

That, I believe, should have ended the matter. However, because counsel in his "petition" stated that he was filing same solely because his client "demanded that counsel file this Motion [sic] for the discretionary review of his appeal by [sic] this [sic] Court of Criminal Appeals," a great deal of time has been unnecessarily expended by members of the Court on this cause.

Nevertheless, as implicitly stated by the terms of Art. 26.05(e), V.A.C.C.P., the State of Texas, through its Legislature, has indicated a State policy to provide legal assistance throughout the course of a criminal "appeal," which I believe includes the filing of a petition for discretionary review.

In *White v. State*, 543 S.W.2d 366, 368 (Tex.Cr.App.1976), Roberts, J., who wrote the plurality opinion for the Court, stated in part:

> Our research reveals that the word 'appeal' has not been construed in Texas by

an appellate court having criminal jurisdiction since 1840. In that year, in Republic v. Smith, Dallam, 407, the Supreme Court of the Republic of Texas defined an appeal (quoting Blackstone) as 'a complaint to a superior court of injustice done by an inferior one.' Mr. Black gives a similar definition. Black's Law Dictionary, supra, at 124. (Citations and Footnote Omitted).

Following these definitional guidelines, it seems clear that a petition for certiorari, like a writ of error in Texas practice, is an 'appeal,' albeit a discretionary one (Citations Omitted). To say that review by certiorari does not constitute an appeal is to make a distinction without substance, since such a review necessarily involves an attempt to persuade a superior court to correct the error of a lower court.

See also *Faulder v. Hill*, 612 S.W.2d 512, 519 (Tex.Cr.App.1981) (Onion, P. J., Dissenting Opinion).

By the mere fact of definition alone, it is submitted that there is no substantive difference between "a petition for certiorari," and "a petition for discretionary review." See 1443 Black's Law Dictionary, 5th Edition.

Review by this Court of an intermediate appellate Court's decision is either with or without a petition. In the latter, the Court itself is empowered to order a record on appeal from a Court of Appeals. See Tex. Cr.App.R. 303. In the former instance, review occurs by this Court at the instance of the appellant or the State, if the moving party timely files a petition for discretionary review with the particular Court of Appeals. See Tex.Cr.App.R. 304.

Review by this Court of a petition for discretionary review "is not a matter of right, but of sound judicial discretion." Art. 5, Sec. 5, Texas Constitution. That statement, however, standing alone, ignores the differences between the filing of a petition for discretionary review, and the Court's ruling on the petition. As previously noted, every instrument labeled or entitled, "Petition for Discretionary Review by the Court of Criminal Appeals," is automat-

ically filed upon receipt by the Clerk of the Court of Appeals. Thereafter, upon receipt by the Clerk of this Court, it is then filed with this Court.

Thus, up to now, and since September 1, 1981, as long as a defendant pro se, a defendant represented by an attorney, or the State timely filed an instrument labeled or entitled, "Petition for Discretionary Review by the Court of Criminal Appeals," after it had been administratively processed, this Court has either granted or refused same. Everyone has been treated equally. We should not depart from this procedure, unless, of course, it should later be determined by the Court that a substantive change is necessary.

Today, however, I fear that a majority of this Court has wrongfully and unnecessarily singled out indigent defendants for special treatment, by holding that if a person is indigent he has no absolute right to the assistance of court appointed counsel in the preparation and filing of a petition for discretionary review with this Court from the Court of Appeals.

I believe, however, that Texas' law is to the contrary. I further find that the majority's opinion effectively closes this Court's "courthouse door" to indigent defendants who are not endowed with any legal skills. But, at the same time, the "courthouse door" remains open to the powerful State of Texas, as well as those defendants who are financially able to employ counsel of their choice, to file a petition for discretionary review. This, to me, is discrimination of the rankest sort, and should neither be countenanced, tolerated or permitted by this Court. But dear reader, make no mistake about the majority opinion: It does discriminate: All indigent defendants on appeal who have been represented by court appointed counsel are not entitled to the assistance of counsel in the preparation and filing of a petition for discretionary review. Court appointed attorneys, also, should not misunderstand the majority opinion. If court appointed counsel can morally and ethically make like the proverbial three monkeys, after a Court of

Appeals has affirmed his client's cause, and can thereafter see no evil, hear no evil, and speak no evil, then he has satisfied his legal obligation toward his indigent court appointed client. I wholeheartedly disagree this should become the law.

In fact, it is an opinion like this which can "get the blood of controversy" in a judge's neck. See *Ex parte Mc Williams*, 632 S.W.2d 574 (Tex.Cr.App., Clinton, J., dissenting).

And I unashamedly admit, this opinion does "get the blood of controversy in my neck."

But, reader, do not misinterpret or misunderstand my feelings and beliefs. This petition for discretionary review does not even come close to satisfying this Court's Rule 304(d)(4), and the petition should have been summarily refused, after administrative processing—without an opinion by this Court.

The State of Texas has come a long way in providing indigent defendants with the assistance of counsel. Before *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), this State provided the assistance of counsel to those persons who wanted counsel and were too poor to employ counsel. However, in recognizing this great moment of our past, I urge all not to overlook a darker chapter in the history of our criminal jurisprudence, where an indigent defendant who had been assessed the death penalty by a jury was neither provided nor afforded the assistance of counsel in his appeal. Today, I fear, we have reverted to the days of *Savage v. State*, 155 Tex. Cr.R. 576, 237 S.W.2d 315 (1951), when the legal duty of a court appointed attorney in a death penalty case terminated after his client received the death penalty by a jury in the trial court. See also 4 *Tex.Jur.*, Appeal and Error—Criminal Cases, Sec. 3, p. 17; *Pennington v. State*, 13 Tex.App. 44 (1882); *Mass v. State*, 81 S.W. 45 (Tex.Cr. App.1904). Interestingly, in former times, when an indigent defendant was not entitled to the assistance of counsel in his appeal to this Court, this Court stated that if it were established to the satisfaction of

this Court that the evidence was insufficient to establish the defendant's guilt, or that he had a meritorious defense which was ignored by the court in its instruction to the jury, or that incompetent and prejudicial evidence was admitted over his objection, then the trial court should appoint the indigent defendant counsel. See *Spalding v. State*, 137 Tex.Cr.R. 329, 127 S.W.2d 457 (1939). However, my research to date has not yet revealed a beneficiary of that rule of law, which has left me to conclude that it was directed to this Court to make its own determination whether or not fundamental error in an indigent's cause existed, and was never meant to include the trial courts of this State. See Art. 44.24, V.A.C.C.P.

It may be true that the State of Texas is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. But that is not to say that the State of Texas, which does grant appellate review, can do so in a way that discriminates against a convicted defendant on account of his poverty. Appellate review, including the filing of a petition for discretionary review with this Court, has now become an integral part of our system of criminal justice for finally adjudicating the guilt or innocence of a defendant. "Consequently, at all stages of the proceedings, the Due Process and Equal Protection Clauses protect persons like [appellant] from invidious discrimination." *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). There can be no equal justice where the kind of appeal a man enjoys "depends on the amount of money he has." *Griffin*, Id., 351 U.S. 19, 76 S.Ct. 591.

In *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court of the United States held that an indigent defendant was entitled to the assistance of counsel on appeal.

However, since *Douglas* was decided, by decisions of the Supreme Court of the United States, the minimum rights guaranteed our citizenry under the Federal Constitution have been sorely diminished. Nevertheless, it should never be forgotten that the decisions of the Supreme Court in criminal law procedure establish only minimum Constitutional standards. The States of the Union, which includes Texas, are free to establish stricter standards than those required by the Supreme Court. Vol. 3, No. 10, *Search and Seizure Law Report*, October, 1976.

I acknowledge that the United States Supreme Court has held that there is no Federal Constitutional right to counsel in seeking discretionary review of an appellate decision. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). I also acknowledge that the failure of counsel to petition for discretionary review does not constitute ineffective assistance of counsel, *Wainwright v. Torna*, —— U.S. ——, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), unless there is a statutory requirement for counsel to inform the defendant of his right to petition and to file the petition if the defendant so requests. *Wilkins v. U. S.*, 441 U.S. 468, 99 S.Ct. 1829, 60 L.Ed.2d 365 (1979).

However, I also do not overlook what Justice Rehnquist of the Supreme Court stated in *Ross v. Moffitt*, supra. "We do not mean by this opinion to in any way discourage those States which have, as a matter of legislative choice, made counsel available to convicted defendants at all stages of judicial review." 94 S.Ct. 2447.

The Legislature of the State of Texas, as far as I can tell, has never seen fit to enact legislation which could be construed to limit the right of the assistance of counsel in criminal appeals to direct appeals, which include a petition for discretionary review, see *supra*, taken as a matter of right. The Legislature, in fact, at its very last session, amended Art. 26.05, Sec. 1(e), to provide for payment to court appointed counsel, "For the prosecution to a final conclusion of a bona fide appeal to a court of appeals *or* the Court of Criminal Appeals, a reasonable fee to be set by the [trial] Court but in no event to be less than $350." (Emphasis Added). Implicit therein is the intent of the Legislature that the statute was meant to apply to a petition for discretionary review. An appeal, unquestionably, includes a petition for

discretionary review. *White v. State*, supra; *Faulder v. Hill*, supra. It therefore should be apparent to anyone that the Legislature of this State has made counsel available to indigent convicted defendants at all stages of the judicial review process.

As previously noted, the trial court appointed present counsel "to represent [appellant] on appeal herein." In his affidavit of indigency, the appellant stated: "I now desire to appeal said conviction to the Court of Criminal Appeals of Texas." My research reveals that the affidavit and order form used in this cause is very much like those used in other parts of the State, in particular Harris County. Thus, when the trial judge made his appointment of counsel, by the very terms of his order, he meant that counsel would pursue the appeal to the Court of Criminal Appeals of Texas.

It is quite apparent to me that this cause has also "got the blood of controversy in the neck" of the majority of this Court, apparently because the appellant's counsel, when he filed his brief with the Court of Appeals, stated therein the fact that in his opinion the appellant's appeal was frivolous, and he had filed the petition for discretionary review only because his client "demanded" that it be filed. However, I do not find this reason sufficiently compelling for this Court to close its "courthouse door" to indigent defendants, and deny them the assistance of counsel in seeking relief from this Court by way of a petition for discretionary review.

I find it rather interesting that if this defendant had been convicted in a United States District Court in Texas, and thereafter placed his conviction on appeal to the United States Court of Appeals for the Fifth Circuit, and that Court had affirmed the conviction, and thereafter the appellant had "demanded" that court appointed counsel file a petition for a writ of certiorari with the Supreme Court of the United States, and he had done so, he would have

been lauded by the Supreme Court of the United States, rather than put down by the Supreme Court, because of Rule VII D(2) of the Rules of the Fifth Circuit Court of Appeals, which provides:

> If the Fifth Circuit affirms the appeal or otherwise decides the cause adversely to the interests of the [defendant], appointed counsel must promptly notify [the defendant] in writing of his right to seek further review by filing a writ of certiorari with the United States Supreme Court. If the [defendant] requests this in writing, appointed counsel shall proceed to file the petition for writ of certiorari.

> \* \* \* \* \* \*

Thus, appointed counsel should always be apprised of the duty to inform the [defendant] of his right to petition for a writ of certiorari in the Supreme Court after the Fifth Circuit's judgment.

See also *La Caze v. U. S.*, 457 F.2d 1075 (5th Cir. 1972).\*

In contradistinction to the above salutary rule of the Fifth Circuit, I fear that today's opinion of this Court will become veritable breeding ground for further, enduring, and uncalled for litigation in criminal cases. This Court, when it can, should seek by its decisions the termination of litigation, rather than fostering same. I find that by its opinion in this cause, it fails to do that today.

This Court has rule making authority. See Art. 44.33(a), V.A.C.C.P. If it be the majority's desire to enact a rule which would terminate a frivolous appeal at the Court of Appeals level, then I wholeheartedly will join in enacting such a rule. If the majority, however, believes that this should be done by the Legislature, I will also join with the majority in seeking that type legislation.

However, I cannot join in the majority opinion for reasons stated, primarily be-

---

\* I note with interest the many similarities between the judicial review process in Texas, and that found in the military establishment. For a discussion of an almost identical situation to that at bar, see *U. S. v. Grostefon*, 12 M.J. 431

(C.M.A.1982), where the United States Court of Military Appeals established the equivalent of the Fifth Circuit Court of Appeals' Rule VII D(2), see *supra*.

cause it runs counter to that principle of law, "there can be no equal justice where the kind of an appeal a man enjoys depends on the amount of money he has," *Griffin v. Illinois*, supra, 351 U.S. 19. The majority opinion implicitly does not exclude the rich defendant, whose attorney files a "frivolous" petition for discretionary review. It also should not exclude the poor defendant, who needs the assistance of court appointed counsel to prepare and file a petition for discretionary review. Because I find that there is a statutory right to petition this Court for discretionary review, discriminatory denial of such right by this Court violates the Equal Protection and Due Process clauses of the Fourteenth Amendment, the Equal Rights Clause of the Texas Constitution, Art. I, Sec. 3, Texas Constitution, and the Due Course of Law clause of the Texas Constitution, Art. I, Sec. 19, Texas Constitution.

I will add one last comment and then quit. If it is the fear of anyone that "to require such action [as I have urged above] [will] innudate [this Court] with meritless matters and distract [its] attention from the cases really calling for their review," see C. Chris Marshall, "A View From The Other Side—Coping With Appellant's Brief," *Voice For The Defense*, May, 1982, please rest assured that this fear is unfounded—if this Court will simply summarily refuse such petitions as this one.

For the above and foregoing reasons, I respectfully concur only in the result the majority reaches, that appellant's petition for discretionary review "is without merit, and it is refused." Otherwise, I dissent.