IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                NO.
APB75,185



 

 

                                       EX
PARTE SIMON LEE RILEY, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                 FROM
TOM GREEN COUNTY



 

 

Meyers,
J., delivered the opinion of the Court, in which Price, Johnson,
Keasler, Hervey, and Holcomb, JJ., joined.  Cochran,
J., filed a concurring opinion, in which Womack, J., joined.  Keller,
P.J., concurred.

 

                                                                  O
P I N I O N

 

 








Applicant was charged with possession
of marihuana in an amount between five and fifty pounds.  Applicant filed a
pretrial motion to suppress, claiming that there was no reasonable basis for
the officer to stop him and that the evidence was found during an invalid
warrantless search.  After a hearing, the trial court denied the motion to
suppress.  Applicant pleaded guilty to the offense and was sentenced to
twenty-five years in prison.  He appealed, and the court of appeals affirmed
the judgment of conviction.  On May 1, 2003, the clerk of the Third Court of
Appeals mailed to Applicant=s court-appointed attorney a copy of the memorandum opinion
issued by the court.  Applicant=s attorney never received the copy, but on July 7, 2003, he
learned of the court of appeals= decision from the district attorney.  He then informed
Applicant that his conviction was affirmed by the court of appeals and gave him
a copy of the opinion.  Applicant expressed his desire to file a petition for
discretionary review with this Court, but his attorney informed him that the
filing deadline had passed.  

Applicant=s attorney filed an affidavit
including these facts and claiming that he was ineffective through no fault of
his own because he did not have notice of the court=s decision and was not able to advise
his client of his legal options in a timely manner.  Applicant filed an
application for a writ of habeas corpus, requesting leave to file an
out-of-time petition for discretionary review.  After reviewing the record and
affidavits, the trial court recommended that relief be granted.  The trial
judge=s findings included that: 

The right of Riley to file a petition
for discretionary review is part of the complete appellate process, and this
right exists regardless of the probability of success of the appeal and
regardless of whose fault it was that Riley was deprived of the opportunity to
file a petition for discretionary review, so long as it was not the fault of
the petitioner.








We filed and set this case and
ordered Applicant and the State to brief the issue of whether we should grant
habeas corpus relief and if so, on what basis.  Both the Applicant and the
State concede that the current procedure for determining whether an applicant
is entitled to file an out-of-time petition for discretionary review is
adequate and should not be changed.  We agree.  Applicant asserts that if we
were to change the procedure, we should focus on whether the applicant was
denied his right to file a petition for discretionary review through no fault
of his own rather than focusing on why (i.e., ineffective assistance of
counsel) he was denied the right.  We disagree with this approach because we do
not want to open the door for attorneys to become remiss in informing clients
of their rights to appeal.  We also do not want to place on the courts of
appeals the responsibility for informing appellants of their decisions.  

It is the responsibility of counsel
appointed on appeal to see the appeal of right through to the end.  This means
informing the client of the decision of the court of appeals and advising him
that he has the right to file a pro se petition for discretionary
review.  Therefore, while an appellate attorney is required to give his client
notice regarding the right to file a petition for discretionary review, he is
not required to file a petition for discretionary review for his client.  See
Ex Parte Ayala, 633 S.W.2d 526, 528 (Tex. Crim. App. 1982); Ex Parte
Jarrett, 891 S.W.2d 935, 944-45 (Tex. Crim. App. 1995).  And, while an
Appellant has the right to file a petition for discretionary review, he does
not have a right to appointed counsel to assist him in filing the petition for
discretionary review.  Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997).








In this case, there was a breakdown
in the system, and due process requires that Applicant be permitted to exercise
his statutory right to file a petition for discretionary review.  However, this
is not an opening for careless attorneys to disregard deadlines and blame it on
the U.S. Postal Service.  There are now procedures available to attorneys to
reduce the chances that this type of breakdown will occur.  CaseMail and
opinion tracking are online tools offered by the courts to alert an attorney by
electronic mail immediately when a case is handed down, alleviating the delay
resulting from regular mail.  Thanks to technology, attorneys no longer have
the excuse that they didn=t know when their client=s case was decided.  While
occasionally there may be situations similar to the one before us, the
incidents are infrequent and can be handled on a case by case basis rather than
requiring a modification of our procedures.  

Just to make it clear, we are not
removing from attorneys the responsibility of informing their clients about
court decisions affecting their case.  Normally, when an appellant is not
informed of the decision of the court of appeals by his attorney in time for
him to file a petition for discretionary review, it will be ineffective
assistance of counsel.  Due to the unusual circumstances in this case, we will
allow Applicant to file an out of time petition for discretionary review
without a determination that Applicant=s attorney rendered ineffective
assistance.  Applicant is entitled to file an out-of-time petition for
discretionary review on the basis that he was deprived of his statutory right
to file a petition for discretionary review by his attorney=s failure to notify him when the
court of appeals affirmed his conviction.    

Meyers, J.

Delivered: June 7, 2006

Publish