IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                NO.
AP-74,996



 

 

                                    EX
PARTE BRIAN KEITH OWENS, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                       FROM
TYLER COUNTY



 

 

Price, J., delivered the opinion of the Court in which
Johnson, Keasler, Hervey and Holcomb, J.J., joined.  Womack, J., filed a concurring
opinion in which Cochran, J., joined. 
Hervey, J., filed a
concurring opinion in which Johnson,
J., joined.  Keller, P.J.,
filed a dissenting opinion.  Meyers,
J., dissents.

 

                                                                  O
P I N I O N

 








In this post-conviction application
for a writ of habeas corpus,[1] the applicant
claims that his appellate counsel did not inform him of his right to file a pro
se petition for discretionary review.  We filed and set the applicant=s application for writ of habeas
corpus to determine whether this Court=s holding in Ex parte Wilson[2]
requires appellate counsel to inform his client of the client=s right to file a pro se
petition for discretionary review in this Court when appellate counsel filed an
Anders brief in the court of appeals.  We conclude that filing an Anders
brief in the court of appeals does not relieve counsel of the duty under Wilson
to inform the defendant that he has a right to file a pro se petition in
this Court.

                                             I. 
The Facts and Procedural History

A Tyler County jury convicted the
applicant of aggravated sexual assault of a child.  Appellate counsel filed an Anders
brief in the court of appeals.  Along with the Anders brief, appellate
counsel filed a motion to withdraw from representation.  The applicant filed a
separate pro se brief.  The court of appeals affirmed the conviction in
a memorandum opinion and dismissed appellate counsel=s motion to withdraw.[3] 
No petition for discretionary review was filed from the judgment of the court
of appeals.








Some time later, the applicant filed
his application for writ of habeas corpus alleging, among other claims,[4]
that appellate counsel failed to notify him of his right to file a petition for
discretionary review.  In support of his claim, the applicant attached to his
application a letter from appellate counsel, written after the applicant=s conviction had been affirmed by the
court of appeals.  Counsel=s letter appears to be in response to a letter sent by the
applicant to appellate counsel, but a copy of the applicant=s letter is not attached or found
elsewhere in the record.  The letter said in relevant part:

I received you letter of July 1, 2003, and in answer
to question No. 1, I think your chance of Habeas Corpus is much better than
your chance on a direct appeal.  On Habeas Corpus grounds you will have a much
better chance of arguing under undue influence on witnesses and jurors lying
about knowledge of the case as opposed to an ineffective assistance of counsel
claim.  The makeup of the current Texas Court of Criminal Appeals is Pro-State
and the chances of a new trial are probably fairly slim.

 

                                                                          *
* *

I wish you the best of luck seeking your relief under
Habeas Corpus.  If there is anything I can do in that regard please do not
hesitate to write.[5]

 

In response to the writ application,
the State sought an affidavit from appellate counsel.  Counsel=s affidavit stated:

After reviewing the record, I
determined that there were no issues that could be successfully argued on
appeal due to the state of the appellate record.  I advised [the applicant] of
my conclusions by letter and [the applicant=s] mother of my opinions in person
and by telephone.  I encouraged them both to hire an attorney to file a writ of
habeas corpus for him after the appeal was over.  I did not discuss with [the
applicant] or his mother filing a petition for discretionary review because, in
my professional opinion, a petition for discretionary review would have no
chance of being granted and would simply have extended the time [the applicant]
would have to wait in prison before filing a writ of habeas corpus that might
have a chance of succeeding in reversing his conviction.








The trial court recommended denying relief. 
We filed and set the cause to determine whether appellate counsel is required
to comply with Wilson if counsel has filed an Anders brief on
direct appeal.  We remanded the cause for a determination of indigency, for the
appointment of writ counsel if necessary, and for additional briefing by the
parties.  The cause is now back before us for decision.

                                                                   II. 
The Law

In Ex parte Wilson, we
modified our prior holding with respect to what is required of appellate
counsel before he concludes his representation of a defendant on direct
appeal.  A history of the case law leading up to Wilson, and beyond, is
helpful to our inquiry whether Wilson requires appellate counsel to
inform the applicant of his right to file a pro se petition for
discretionary review following Anders proceedings in the court of
appeals.








In Ayala v. State,[6]
the court-appointed appellate attorney filed an Anders brief.  The court
of appeals agreed with appointed counsel that the appeal was Awholly frivolous and without merit.@[7]  Appellate counsel then filed a
petition for discretionary review in this Court, but assigned no particular
grounds for review, asking only that this Court Aexamine the record for error.@[8]  In the body of the petition,
appellate counsel conceded that he was identifying no particular grounds for
review, but had filed a petition because his client Ademanded@ that he do so.[9] 
This Court wrote an opinion for the express purpose of holding that an
appellant has no right B constitutional or otherwise B to have an attorney file a petition
for discretionary review after a court of appeals has affirmed the conviction. 
We noted, however, that an appellant is not necessarily without a remedy in the
event that appellate counsel deprives him of his right to file a pro se petition
for discretionary review by promising to file one on his behalf and then
failing to do so.[10]  We
concluded that those circumstances might give rise to a due process violation.[11]








In Ex parte Jarrett,[12]
we held that appellate counsel=s duty to his client extends beyond the rendition of judgment
by the court of appeals since, under state law, Athe judgment of an intermediate
appellate court in a criminal case does not become final at once.@[13]  Until the appellate judgment does
become final, we held, Athe appellate lawyer still represents his client and remains
under a duty to provide him with satisfactory legal counsel.@[14]  To pass constitutional muster, that
legal counsel must meet an objective standard of reasonableness under the Sixth
Amendment.[15]  We acknowledged
that appellate counsel had no constitutional obligation to represent the
appellant in a petition for discretionary review.[16] 
But in denying the State=s motion for rehearing, we left intact our holding on
original submission that Aappellate counsel does have the duty . . . to advise the
appellant of the possibility of review by this Court as well as expressing his
professional judgment as to possible grounds for review and their merit, and
delineating the advantages and disadvantages of any further review.@[17]








Two years later, however, in Ex
parte Wilson, the Court revisited Jarrett.[18] 
Appellate counsel in Wilson had contacted the appellant when the court
of appeals issued its opinion denying his appeal, had sent him a copy of that
opinion, and had informed him Athat he did not believe a petition for discretionary review
would have any merit.@[19]  The particular question upon which we filed and set
Wilson=s writ application was whether Jarrett=s holding should be applied
retroactively to grant Wilson relief.[20]  Rather than
decide that question, however, we modified the holding of Jarrett
itself.  We held that appellate A[c]ounsel may not deny the defendant
the right or opportunity to avail himself of discretionary review, but counsel
need not discuss the merits of such review because a defendant has no right to
counsel for discretionary review.@[21]  Still, we did not disturb the core
holding of Jarrett, that A[i]f appellate counsel=s action or inaction denies a
defendant his opportunity to prepare and file a petition for discretionary
review, that defendant has been denied his sixth amendment right to effective
assistance of counsel.@[22]  After Wilson, an appellate lawyer need not
prepare a petition for discretionary review for his client, nor even advise him
of the merits or advisability of seeking such review, in order to render
constitutionally sufficient assistance of counsel.  But he must not neglect to
timely inform his client that he has the right to seek such review, or in any
way obstruct his client from doing so, by omission or commission.








Most recently, in Ex parte Crow,[23]
we held that the failure of appellate counsel to follow the requirements of Wilson
will be measured by a Sixth Amendment standard for prejudice that is more Alimited@ than the ordinary standard that Strickland
v. Washington calls for.[24]  Errors
subject to such a Alimited@ analysis for prejudice, we said, Aare rare, but include deficient
conduct that results in the deprivation of an entire judicial proceeding, such
as an appeal.@[25]  The appellant need not show that
the proceeding that counsel=s ineffectiveness deprived him of would have resulted in a
favorable outcome; he need only show that he was deprived of that proceeding
and that he would have availed himself of the proceeding had his counsel=s conduct not caused a forfeiture.[26] 
We applied this Alimited@ prejudice requirement to the failure of appellate counsel to
inform the applicant of his right to pursue a petition for discretionary
review, noting that although an appellant has no right to discretionary review,
he has an absolute right to Aattempt to persuade us to exercise our discretion.@[27]

                                                                   III. 
Analysis








We fail to perceive any principled
reason that our holding in Wilson should not apply equally to an
appellant whose attorney files an Anders brief.  As our opinion in Crow
recognized, the harm that occurs from the failure to timely inform the
appellant of his right to file a petition for discretionary review is that he
is deprived of the benefit of an entire proceeding, or at least of the
opportunity to exercise his unfettered right to Aattempt to persuade us to exercise
our discretion.@  The appellant whose attorney files an Anders brief 
and then fails to alert his client to his client=s right to follow up with a petition
for discretionary review is no less deprived of that opportunity than is the
appellant whose lawyer has filed an ordinary appellate brief.[28] 
It is important to note in this context that, as we have acknowledged before,
attorneys who file Anders briefs are not always correct that there is no
merit to an appeal.[29]








The State argues, however, that the
harm that accrues to an appellant who is denied his right to petition for
discretionary review after a court of appeals has confirmed that his appeal is
indeed frivolous, as here, is negligible, and should be measured against the
ordinary prejudice prong of Strickland.  After all, how good can his
chances be of persuading this Court that his petition for discretionary review
deserves our attention?  For this proposition the State cites the opinion of
the United States Supreme Court in Smith v. Robbins.[30] 
We do not believe Smith ultimately supports the State=s argument.

In Smith v. Robbins the
Supreme Court held that the particular procedural mechanism that it had
articulated in its opinion thirty-three years earlier in Anders was
precatory rather than mandatory, and that the modified procedural mechanism now
in place in California is adequate to preserve Robbins=s constitutional right to counsel on
appeal.[31]  That being
the case, the Court held, Robbins was not wholly deprived of his right to
counsel on appeal, and any complaint he had about a deficiency in his appellate
attorney=s representation would be subject to
an ordinary Strickland analysis, including a full-blown analysis for
prejudice.[32]  In the
instant cause, by contrast, appellate counsel=s failure to inform the applicant of
his right to pursue a petition for discretionary review did deprive him
of an entire proceeding.








When we held in Crow and in Johnson
v. State, upon which Crow relied, that a Alimited@ prejudice analysis will apply
whenever appellate counsel=s deficiency causes an appellant to lose his opportunity to
petition this Court for discretionary review, we did not mention Smith v.
Robbins.  But we did rely heavily upon a Supreme Court decision that was
decided barely a month after Smith v. Robbins.[33] 
In Roe v. Flores-Ortega,[34] the Supreme
Court held that Awhen [appellate] counsel=s constitutionally deficient
performance deprives a defendant of an appeal that he otherwise would have
taken, the defendant has made out a successful ineffective assistance of
counsel claim entitling him to an appeal.@[35]  All an appellant need show, then,
to establish prejudice for purposes of a Sixth Amendment claim of
ineffectiveness of appellate counsel that wholly deprived him of an appeal, is
that he would indeed have pursued that appeal.  He need not also show Asome likelihood of success on appeal.@[36]








We derived our rationale in Johnson/Crow
for applying a Alimited@ prejudice analysis largely from the Supreme Court=s opinion in Roe v. Flores-Ortega
and its antecedents.  That rationale applies just as forcefully in the Anders
context as in any other.  The applicant in this cause was wholly deprived of
his opportunity to convince this Court that his appeal was not frivolous after
all, or that his constitutional right to counsel was somehow compromised when
(or in the particular way that) his appellate attorney filed an Anders
brief.  We therefore reject the State=s contention that the standard Strickland
prejudice-prong analysis ought to apply.[37] 
All that the applicant need establish in the way of a showing of prejudice is
that he would in fact have sought a petition for discretionary review, had he
been timely informed by his appellate counsel of his right to do so.

                                                  IV. 
Application of Law to Fact








The applicant filed a pro se
brief in the court of appeals, once he was informed by his appellate counsel
that counsel would be filing an Anders brief.  This strongly militates
in favor of a finding that the applicant would in fact have proceeded further
to file a pro se petition for discretionary review as well, just as he
alleges.[38]  The only
conceivable contrary indication is the letter that appellate counsel wrote to
the applicant, Atelling him that his better avenue would be to pursue a writ
of habeas corpus rather than further direct appeal since the record presented
was inadequate to demonstrate any error on direct appeal.@[39]  But we do not regard the advice of
counsel that the chances of success in some unspecified further Adirect appeal@ would be Afairly slim@[40] to constitute overriding evidence of
the applicant=s intent.  After all, appellate counsel=s opinion that the applicant=s initial appeal was frivolous did
not dissuade the applicant from filing his pro se brief in the court of
appeals.  Therefore, as in Crow, we hold that the Aapplicant=s allegations are sufficient to prove
that he would have filed a PDR if he had been informed in accordance with Wilson=s dictates.@[41]  Accordingly, the applicant is
granted leave to file an out-of-time petition for discretionary review.  Should
the applicant desire to seek discretionary review, he must take affirmative
steps to see that his petition is filed in the court of appeals within thirty
days after the issuance of the mandate of this Court in this cause.

Delivered:         September 13, 2006

Publish









[1]

 Tex. Code
Crim. Pro. art. 11.07.





[2]

 956 S.W.2d 25 (Tex. Crim. App. 1997).





[3]

 Owens v. State, No. 10-02-00124-CR, 2003 Tex. App. Lexis 5334
(Tex. App.CWaco 2003) (not designated for publication).





[4]

 The applicant also claimed that (1) the
jury that convicted him was unconstitutionally selected and empaneled, (2) a
juror who was empaneled engaged in misconduct, (3) his trial counsel was
ineffective, and (4) prosecutors in the case engaged in misconduct.





[5]

 Sic passim.





[6]

 633 S.W.2d 526 (Tex. Crim. App. 1982).





[7]

 Id., at 527.





[8]

 Ibid.





[9]

 Ibid.





[10]

 Id., at 528 n.4.





[11]

 Ibid.





[12]

 891 S.W.2d 941 (Tex. Crim. App. 1995)
(opinion denying State=s motion for rehearing).





[13]

 Id., at 944.





[14]

 Ibid.





[15]

 Ibid., citing Strickland
v. Washington, 466 U.S. 668 (1984).





[16]

 Ibid.





[17]

 Jarrett v. State, 891 S.W.2d
935, at 940 (Tex. Crim. App. 1994) (opinion on original submission).





[18]

 956 S.W.2d 25.





[19]

 Id., at 27.





[20]

 Id., at 26.





[21]

 Id., 27.





[22]

 Id., at 26.





[23]

 180 S.W.3d 135 (Tex. Crim. App. 2005).





[24]

 466 U.S. 668 (1984).





[25]

 180 S.W.3d., at 137-38.  See also,
Johnson v. State, 169 S.W.3d 223, at 231-232, 235-236 (Tex. Crim. App.
2005).





[26]

 Id., at 138.





[27]

 Ibid.  See Tex. Code Crim. Proc. art. 44.45(b)(1);
Tex.R.App.Proc. 66.1





[28]

 In his concurrence, Judge Womack argues
that A[t]he principled reason that the holding in Wilson
should not apply when counsel files an Anders brief is that such an
attorney must sever the attorney-client relationship.@  There is no particular reason that counsel filing an Anders
brief cannot alert his client to the client=s right to
file a petition for discretionary review at the same time that he informs the
client of his rights to file a pro se appellate brief, and to review the
appellate record in preparation of such a pro se brief.  See, e.g.,
Johnson v. State, 885 S.W.2d 641 (Tex. App. - Waco 1995, pet. ref=d) (appellate counsel who files Anders brief has three Aeducational burdens@ with respect to his client: provide client with
copy of motion and brief, inform client of his right to file pro se
brief, and also inform client of his right to access to appellate record). 
Appellate counsel should simply add to the list of Aeducational burdens@ a duty to advise his client of the client=s pro se right to seek discretionary review as part of the
process of filing an Anders brief and moving to withdraw from
representation of the client.





[29]

 See Getts v. State, 155 S.W.3d
153 (Tex. Crim. App. 2005).





[30]

 528 U.S. 259 (2000).





[31]

 Id., U.S. at 272-276.





[32]

 Id., U.S. at 278-289.





[33]

 See Johnson v. State, supra, at
231; Ex parte Crow, supra, at 137-138.





[34]

 528 U.S. 470 (2000).





[35]

 Id., U.S. at 484.  See also,
Rodriguez v. United States, 395 U.S. 327, at 330 (1969).





[36]

 Rodriguez v. United States,
supra, U.S. at 330.





[37]

 To be fair, we note that the State
filed its supplemental brief in this cause before we issued our opinions
in both Johnson and Crow.





[38]

 In both his form writ application, and in
his memorandum in support of his application, the applicant simply alleged that
his appellate counsel was ineffective for failing to notify him of his right to
seek discretionary review.  In neither did he claim that, had he been timely so
informed, he would have actually filed a timely pro se petition.  Nor
did he pray for leave to file an out-of-time petition for discretionary
review.  However, after this Court remanded
the cause for a determination of indigency, appointment of counsel, and further
briefing, the applicant=s court-appointed writ attorney filed a supplement
to the writ application in which he expressly alleged that the applicant Awould have filed a petition for discretionary review if he had been
given the opportunity and allowed this Honorable Court to determine if his
petition for discretionary review had merit.@  Therefore,
we conclude that the applicant has pled facts sufficient to establish the Alimited@ prejudice requirement of Crow.

 

The dissent would have us deny relief
because the supplemental writ is not verified.  But the dissent concedes that
such a requirement is not jurisdictional.  The dissent believes relief should
be denied Awhere the record does not otherwise substantiate the
sworn allegation.@  Slip op. at 1-2.  We think the fact that the
applicant persisted in filing a pro se appellate brief in the wake of an
Anders brief from his attorney is enough to substantiate his unsworn
allegation that he would also file a pro se petition for discretionary
review, given the opportunity.  In any event, having filed and set the cause
and returned it to the trial court for appointment of counsel and additional
briefing, we are loathe to deny relief, only to have the applicant face a
potential bar to re-raising the issue in a subsequent writ under Article 11.07,
Section 4 of the Code of Criminal Procedure.





[39]

 State=s
Supplemental Brief, at 8.





[40]

 See appellate counsel=s letter, quoted at page 3, ante.





[41]

 180 S.W.3d at 139.