**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:       Rainbow Cannell aka Rainbow Conti v. The State of Texas

Appellate case number:    01-12-00334-CR

Trial court case number:  287854

Trial court:                       County Court at Law No 1 of Galveston County

  Appellant's counsel has filed a "Motion for Leave to Withdraw." Because our opinion is this appeal has issued, and appellant's "appeals are exhausted," counsel has fulfilled his duty to represent appellant, and we dismiss the motion as moot.

  We issued our opinion in this appeal on December 19, 2013, and denied appellant's motion for rehearing on March 10, 2014.

  Once our opinion issues, appointed counsel has the duty to inform appellant "of the result of the direct appeal and the availability of discretionary review." *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). "But, because there is no right to counsel on discretionary review, the duty of counsel ends there." *Id.; see* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d)(2), 26.04(j)(2) (West Supp. 2013) (providing right to appointed counsel for eligible indigent defendant in Court of Criminal Appeals if appeal is directly from trial court or petition for discretionary review has been granted; requiring appointed counsel to represent defendant until "appeals are exhausted"); *Ayala v. State*, 633 S.W.2d 526, 528 (Tex. Crim. App. 1982) (holding that appointed counsel has no duty to file petition for discretion review on behalf of appellant). Therefore, although counsel may have a duty to inform appellant, if he has not already done so, of our decision and that appellant has the right to file a petition for discretionary review, counsel has fulfilled his duty to represent appellant in court proceedings.

  Accordingly, counsel's motion is DISMISSED as moot.

Judge's signature:   /s/ Harvey Brown
    ☒ Acting individually  ☐ Acting for the Court

Date: May 1, 2014