**Manley Richard MILLIGAN a/k/a Richard Manley Milligan, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–92–268–CR.**

Court of Appeals of Texas, Eastland.

July 29, 1993.

Rehearing Denied Aug. 26, 1993.

Martin L. Peterson, Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

ARNOT, Justice.

The jury convicted Manley Richard Milligan a/k/a Richard Manley Milligan of aggravated assault on a peace officer. The jury found the enhancement paragraphs to be true and assessed punishment at confinement for 99 years. Appellant does not question the sufficiency of the evidence. Rather, in two points of error, appellant challenges the constitutionality and application of TEX.PENAL CODE ANN. § 22.-02(a)(2)(A) (Vernon Supp.1993). We affirm.

The night of the incident, Police Officer Dennis Petty received a call that there was a suspicious person in the vicinity of the Kentucky Fried Chicken building in Stephenville. Officer Petty noticed appellant walking on the side of the road, weaving in and out of the lane of traffic. After interrogating appellant, Officer Petty determined that appellant was intoxicated and told appellant that he was under arrest.

When Officer Petty attempted to search him, appellant broke and ran away. Officer Petty followed appellant into the backyard of an adjacent house. Appellant stumbled and, when Officer Petty caught up to him, an altercation ensued. Officer Petty was injured in the fight.

Officer Petty testified that, during the time he was attempting to arrest appellant, appellant struck him in the face several times with his fist. He kicked Officer Petty in the chest and in the jaw, knocking the officer's tooth loose and causing bleeding along the gum line across the front of Officer Petty's mouth. Appellant also grabbed Officer Petty's holster and attempted to take the officer's weapon. Officer Petty said that, when he broke completely away from appellant and was backing up, appellant continued to advance aggressively toward the officer. Officer Petty said that in the backyard appellant was no longer attempting to escape from the officer; he was trying to hurt Officer Petty. It took the assistance of two other officers to subdue appellant.

In the first point of error, appellant challenges for the first time on appeal the constitutionality of Section 22.02(a)(2)(A) as applied to the facts of his case.[1] Section 22.02(a)(2)(A) defines aggravated assault as intentionally, knowingly, or recklessly causing bodily injury to a peace officer lawfully discharging an official duty when the actor knows or has been informed the victim is a peace officer. TEX.PENAL CODE ANN. § 38.03 (Vernon Supp.1993) defines resisting arrest as intentionally preventing or obstructing a person he knows is a peace officer from effecting an arrest of the actor by using force against the peace officer.

Appellant urges that, in the context of a peace officer's attempt to arrest an actor, these two statutes describe and make punishable the same conduct. He further urges that, under TEX. CONST. art. I, §§ 10 and 19, the legislature is prohibited

---

1. Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. *Rabb v. State,* 730 S.W.2d .751 (Tex.Cr.App.1987), but see and compare *Gawlik v. State,* 608 S.W.2d 671 (Tex.Cr.App.1980).

from prescribing two different punishments for the same act and cites *Stevenson v. State*, 145 Tex.Crim. 312, 167 S.W.2d 1027 (1943). Accordingly, appellant con-. tends that Section 22.02(a)(2)(A) is unconstitutional as applied to him. We disagree.

First, the offense of aggravated assault is clearly distinguishable from the offense of resisting arrest. Although the offenses have an element common to both, the elements of each offense are distinct and define different offenses. Since the two statutes do not describe the same conduct, appellant's argument fails.

Moreover, even if the statutes described the same offense, the supporting basis for appellant's contention is no longer in effect. Appellant cites *Stevenson v. State*, supra, which relied upon *Moran v. State*, 135 Tex.Crim. 645, 122 S.W.2d 318 (1938), for the proposition that, when two articles of the Penal Code define the same offense but provide different penalties, the law is so indefinitely framed or of such doubtful construction that it cannot be understood and is regarded as wholly inoperative. Such decisions were based upon the statutory language of Article 6 of the former Penal Code, now replaced by TEX.PENAL CODE ANN. § 1.02 (Vernon 1974). Section 1.02 does not include the "wholly inoperative" language and now sets out as part of the Penal Code's objectives that, by definition and grading of offenses, fair warning is given of what is prohibited and the consequences of the violation. See *Porter v. State*, 806 S.W.2d 316 (Tex.App.—San Antonio 1991, no pet'n).

Finally, although appellant does not specify in what manner Section 22.02(a)(2)(A) violates Article I, sections 10 and 19 other than his general assertion that it is unconstitutional for two statutes to define the same offense but provide different punishments, we will consider such contention.

Under Article I, section 10, an accused shall have the right to be informed of the nature and cause of the accusation against him. Therefore, the penal law creating the charged offense must be sufficiently definite to be understood; otherwise, it violates this section. *Ex parte Meadows*, 133 Tex.Crim. 292, 109 S.W.2d 1061 (1937). Under Article I, section 19, an accused's due process rights are violated where a statute is unduly vague. A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and if it encourages arbitrary and erratic arrests and convictions. *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App. 1978).

When the constitutionality of a statute is being questioned, it is presumed that in enacting the statute the legislature intended compliance with the federal and state constitutions. TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988). We conclude that Section 22.02(a)(2)(A) is sufficiently definite to be understood and that it sufficiently describes what constitutes an offense thereunder so as to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. The fact that a person's conduct violates two different statutes does not render the statute vague as long as the proscribed conduct is described so as to give a person fair notice that it violates the statute. *Earls v. State*, 707 S.W.2d 82 (Tex.Cr.App. 1986). Appellant does not contend that he did not know that his causing bodily injury to a peace officer lawfully discharging his official duty was forbidden. We hold that Section 22.02(a)(2)(A) is constitutional when applied to the facts of appellant's case. The first point of error is overruled.

In the second point, appellant urges for the first time on appeal that the doctrine of in pari materia applies to Sections 22.-02(a)(2)(A) and 38.03(a) of the Penal Code so that appellant was entitled to be charged under the statute more specifically describing his conduct. Appellant failed to attack the indictment or in any other manner raise such objection to the trial court; consequently, the matter is not preserved for appellate review. TEX.CODE CRIM.PRO. ANN. art. 1.14 (Vernon Supp.1993); TEX. R.APP.P. 52(a).

Moreover, the doctrine of in pari materia does not apply. Statutes that deal

with the same subject, have the same general purpose, or relate to the same person or thing are considered in pari materia. *Breeding v. State,* 762 S.W.2d 737 (Tex. App.—Amarillo 1988, pet'n ref'd). Under the doctrine of in pari materia, a principal of statutory construction now codified in TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988) where different statutes irreconcilably conflict, the more specific statute governs the general statute. Although not specifically argued, presumably appellant's contention is that the two statutes conflict on the basis of punishment and that Section 38.03 which provides for less punishment should control because it is a more specific statute.

 When two statutes govern the same subject matter, they are not in pari materia if they have different objectives, intend to cover different situations, and are not intended to be considered together. *Cheney v. State,* 755 S.W.2d 123 (Tex.Cr.App.1988). Where the same conduct is proscribed by different statutes having different objectives, the rule of in pari materia does not apply. *Alejos v. State,* 555 S.W.2d 444 (Tex.Cr.App.1977).

The objective or purpose of Section 38.03(a) is to proscribe an actor's resistance by the use of force against a person the actor knows is a peace officer who is effecting an arrest or search of the actor. The unlawfulness of the arrest or search is expressly not a defense to prosecution under such Section. The objective or purpose of Section 22.02(a)(2)(A) is to proscribe threatening with a deadly weapon or threatening to cause or causing bodily injury to a person who the actor knows is a peace officer while the peace officer is lawfully discharging an official duty. Section 38.03(a) and Section 22.02(a)(2)(A) are two different legislative acts which have different elements of proof and different penalties and are obviously designed to serve different purposes and objectives. *Cheney v. State,* supra. Although under these facts appellant could have been prosecuted under either statute, neither statute is a "special" statute. Both are general penal statutes which describe offenses with the same particularity and which are aimed at different aspects of criminal activity that may occur in a single transaction. Since neither statute is a special statute, the prosecutor had the discretion to prosecute appellant under the statute he believed to be more appropriate under the circumstances of this case.

We hold that Section 38.03(a) and Section 22.02(a)(2)(A) of the Penal Code have different objectives and purposes and that the statutes are not in pari materia. Appellant was charged and convicted under the appropriate penal statute. The second point of error is overruled.

The judgment of the trial court is affirmed.