**Martin L. PETERSON, Relator**

v.

**The Honorable Donald R. JONES, Judge of the 266th District Court of Erath County, Respondent.**

**No. 71896.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1995.

Martin L. Peterson, Stephenville, for relator.

Donald R. Jones, Stephenville, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Presiding Judge.

This is a mandamus case. Respondent appointed Relator, who is an attorney, to represent two indigent appellants in their first level of appeals of their convictions until the appeals were exhausted. Following the intermediate appellate court's affirmance of the indigent appellants' convictions in these appeals, Relator filed in both cases petitions for discretionary review, which this Court refused.

After Relator filed the petitions for discretionary review, he submitted to Respondent the required "form for reporting the services performed and request for compensation" for filing the petitions for discretionary review. Respondent refused to authorize payment for these services.

Relator filed a motion for leave to file a petition for writ of mandamus requesting this Court to issue a writ of mandamus directing Respondent to authorize payment. Before deciding whether to grant Relator's motion for leave to file, we afforded Respondent an opportunity to respond to Relator's allegations, and he has responded. The Texas Criminal Defense Lawyers Association also has filed a motion for leave to appear as Amicus Curiae and a brief in support of Relator. We grant the Texas Criminal De-

fense Lawyers Association's motion for leave to appear as Amicus Curiae, and order its brief be filed with the papers in this case.

Relator claims Respondent is violating a ministerial duty by refusing to approve compensation for the services he rendered in filing the petitions for discretionary review. We have held mandamus is the appropriate vehicle to resolve the type of claim Relator asserts here. See *Smith v. Flack*, 728 S.W.2d 784, 789–94 (Tex.Cr.App.1987).

■ Therefore, in this case, we revisit two right to court-appointed counsel on appeal cases this Court decided under prior law, and construe several statutory provisions of the Texas Code of Criminal Procedure. See *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Cr.App.1991); *Flack*, 728 S.W.2d at 789. In construing these provisions, our duty is to attempt to discern the legislative intent or purpose by, if reasonably possible, giving effect to the plain meaning of the statutes' language. See *Muniz v. State*, 851 S.W.2d 238, 265 (Tex.Cr.App.) (Clinton, J., dissenting), cert. denied, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Boykin*, 818 S.W.2d at 785–86.

In *Ayala v. State*, 633 S.W.2d 526, 527–28 (Tex.Cr.App.1982), this Court held the Fourteenth Amendment, and former Articles 26.04 and 26.05, V.A.C.C.P., imposed no duty on this State to provide counsel to an indigent appellant in seeking discretionary review in this Court. When this Court decided *Ayala*, former Article 26.04(a), V.A.C.C.P., in relevant part, provided:

"Whenever the court determines at an arraignment or at any time prior to arraignment that an *accused* charged with a felo-

ny or a misdemeanor punishable by imprisonment *is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him.*" [1] (Emphasis Supplied).

Former Article 26.05 Section 1(e), in relevant part, also authorized fees to be paid to court-appointed counsel:

"For the prosecution to a final conclusion *of a bona fide appeal* to a court of appeals or the *Court of Criminal Appeals....*" [2] (Emphasis Supplied).

■ In *Polk v. State*, 676 S.W.2d 408, 411 (Tex.Cr.App.1984), this Court construed the foregoing statutory term "bona fide appeal to the Court of Criminal Appeals" to mean one in which this Court has granted a petition for discretionary review. Therefore, under prior law, this Court has interpreted the applicable statutory provisions to require the appointment of counsel in "the one and only appeal an indigent has of right" and one in which this Court had granted a petition for discretionary review. See *Polk*, 676 S.W.2d at 411; *Ayala*, 633 S.W.2d at 527–28. Under prior law, Relator would not be entitled to any compensation for filing the petitions for discretionary review.

Since this Court decided *Ayala* and *Polk*, the Legislature has amended Articles 26.04 [3] and 26.05, [4] and added Article 1.051(d), [5] V.A.C.C.P. Article 26.04(a), V.A.C.C.P., in relevant part, now provides:

"Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice

---

1. See Acts 1965, 59th Leg., p. 317, ch. 722, section 1, eff. January 1, 1966. See also **Historical Note** to current Article 26.04.

2. See Acts 1981, 67th Leg., p. 803, ch. 291, section 106, eff. September 1, 1981. See also **Historical Note** to current Article 26.05.

3. See Acts 1987, 70th Leg., ch. 979, section 2, effective September 1, 1987.

4. See Acts 1987, 70th Leg., ch. 979, section 3, eff. September 1, 1987.

5. Article 1.051(d) provides that an "eligible indigent defendant" is entitled to court-appointed counsel in the following appellate and postconviction habeas corpus matters: (1) an appeal to a court of appeals; (2) *an appeal to the Court of Criminal Appeals* if the appeal is made directly from the trial court or *if a petition for discretionary review has been granted;* (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation; and (4) any other appellate proceeding if the court concludes that the interests of justice require representation.

require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. *An attorney appointed under this subsection shall represent the defendant until* charges are dismissed, the defendant is acquitted, *appeals are exhausted,* or the attorney is relieved of his duties by the court or replaced by other counsel." (Emphasis Supplied).

Article 26.05(a)(3), V.A.C.C.P., in relevant part, authorizes a reasonable attorney's fee for:

"preparation of an *appellate brief to* a court of appeals or *the Court of Criminal Appeals.*" (Emphasis Supplied).

And, Article 1.051(d)(2), in relevant part, requires a trial court to appoint counsel to represent an indigent defendant in:

"*an appeal to the Court of Criminal Appeals* if the appeal is made directly from the trial court or *if a petition for discretionary review has been granted.*" (Emphasis Supplied).

Relator claims that because of his appointment under Article 26.04(a) until all appeals were exhausted, Respondent has a ministerial duty under Article 26.05(a)(3) to compensate Relator for filing the petitions for discretionary review. We disagree because the 1987 amendments to Articles 26.04 and 26.05 and the addition of Article 1.051(d) retain the holdings of *Ayala* and *Polk* subject to the exceptions set out in Article 1.051(d)(3) and (4), V.A.C.C.P., which are not applicable here.

■ Consistent with *Polk,* Article 1.051(d)(2) provides for the appointment of counsel in an "appeal" to the Court of Criminal Appeals only if a petition for discretionary review has been granted, and Article 26.05(a)(3) provides for a reasonable attorney's fee for preparation of an appellate brief to the Court of Criminal Appeals. An appellate brief is not filed in the Court of Criminal

Appeals unless a petition for discretionary review has been granted. See Tex.R.App. Proc. 203. There is nothing in the language of either Article 26.05(a)(3) or Article 1.051(d)(2) to indicate the Legislature intended for the appointment or compensation of counsel to file a petition for discretionary review.

In addition, Article 26.04(a), in relevant part, provides for court-appointed counsel for an indigent appellant until "appeals are exhausted." Article 1.051(d) defines those "appeals" for which an indigent appellant is entitled to court-appointed counsel. Consistent with *Ayala,* the filing of a petition for discretionary review is not included in any of these definitions, and the court has made no finding, pursuant to Article 1.051(d)(4), V.A.C.C.P., "that the interests of justice require representation." [6]

■ Relator also claims Respondent's failure to authorize payment violates the indigent appellants' due process and equal protection rights and also denies them adequate access to this State's courts. Assuming Relator has standing to assert these claims, we rejected them in *Ayala* and we reject them now. Texas actually provides more protection to an indigent appellant in appellate proceedings than what the United States Constitution requires. See generally *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); see also *Douglas v. California,* 372 U.S. 353, 361–64, 83 S.Ct. 814, 818–20, 9 L.Ed.2d 811 (1963). We hold an indigent appellant is not automatically entitled to assistance of court-appointed counsel to file a petition for discretionary review, and Respondent has no ministerial statutory duty in this case to authorize payment for the services Relator performed in filing the petitions for discretionary review. See *Polk,* 676 S.W.2d at 411; *Ayala,* 633 S.W.2d at 527–28.

Mandamus relief is denied.

MEYERS, J., not participating.

---

**6.** Cf. *Faulder v. Hill,* 612 S.W.2d 512, 526–28 (Tex.Cr.App.1981) (on appellant's mot. for reh'g) (Dally, J., concurring) (State's petition in the United States Supreme Court for review by certiorari is not an "appeal").

MALONEY, Judge, dissenting.

The majority reaches the wrong conclusion because it neglects to address relator's claim under the 266th District Court's fee schedule, acknowledge our recent opinion in *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Crim.App.1994), *reh'g denied with opinion*, Feb. 8, 1995, which interpreted and expanded upon *Ayala v. State*, 633 S.W.2d 526, 528 (Tex.Crim.App. 1982), and consider in any meaningful way realtor's equal protection and takings clause claims. Believing relator is entitled to relief, I dissent.

Relator requests this Court to issue a writ of mandamus to compel respondent, Judge of the 266th District Court of Erath County, to authorize payment to relator for services rendered as court-appointed counsel. Relator was appointed by respondent, pursuant to Texas Code of Criminal Procedure Article 26.04, to represent Rafael Soto and Manley R. Milligan. The Court of Appeals for the Eleventh District affirmed both clients' convictions.[1] In accordance with his clients' requests and his professional judgment, relator prepared and filed petitions for discretionary review to this Court on behalf of his clients. Relator spent approximately twenty hours of his time preparing the petitions and used his own funds for printing and mailing. We refused both petitions.[2] After filing the petitions, relator submitted the appropriate compensation forms to respondent, but respondent refused to authorize payment. Relator claims he is entitled to compensation for the preparation and filing of two petitions for discretionary review to this Court in accordance with Articles 26.04 and 26.05 of the Texas Code of Criminal Procedure and the 266th District Court's fee schedule for court-appointed counsel.[3] While relator's claim is specifically based on the Code of Criminal Procedure and the District Court fee schedule, the majority's analysis omits any reference to the fee schedule.

## I. "Appeals are Exhausted"

Relator contends that, because respondent appointed him pursuant to Texas Code of Criminal Procedure article 26.04 to represent Soto and Milligan until all appeals were exhausted,[4] respondent has a ministerial duty to compensate relator for filing the petitions for discretionary review. We must initially determine when appeals are exhausted within the meaning of Article 26.04 for court-appointed counsel.

In *Ayala*, 633 S.W.2d at 528, this Court addressed the duty of appellate counsel to file petitions for discretionary review. There, appointed counsel filed an *Anders*[5] brief on direct appeal in which he stated that the appeal was without merit. The court of appeals affirmed, agreeing that the appeal was "wholly frivolous and without merit." *Ayala*, 633 S.W.2d at 527. Counsel alleged that Ayala demanded that he file a petition for discretionary review, although, in the professional judgment of counsel, no meritorious grounds for review existed. Counsel filed a petition in which the only ground for review was a request that this Court examine the record for error. We held that neither the United States Constitution nor former Arti-

---

1. *State v. Soto*, No. 11–92–240–CR (Tex.App.—Eastland 1993, pet. ref'd); *State v. Milligan*, 859 S.W.2d 117 (Tex.App.—Eastland 1993, pet. ref'd).

2. *Soto v. State*, No. 93–0367 (Tex.Crim.App. June 9, 1993), *reh'g denied*, Oct. 20, 1993; *Milligan v. State*, No. 93–1198 (Tex.Crim.App. Dec. 15, 1993).

3. The schedule provides for a fee of not less than $200 for "Representation in Petition for Discretionary Review."

4. Texas Code of Criminal Procedure article 26.04(a) provides:

Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, *appeals are exhausted*, or the attorney is relieved of his duties by the court or replaced by other counsel. (emphasis added).

5. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

cles 26.04 [6] and 26.05 [7] imposed a duty on appointed counsel to file a petition for discretionary review by this Court.

The majority fails to acknowledge or distinguish this Court's recent decision in *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Crim.App. 1994), which interpreted and somewhat expanded upon *Ayala*. In *Jarrett*, the applicant alleged that he was denied effective assistance of counsel because he was not notified by his appointed appellate counsel of the court of appeals' affirmance of the judgment of the trial court, thus depriving him of the opportunity to prepare and file a petition for discretionary review. This Court held that *Ayala* retained its vitality after the 1987 amendments to Article 26.04(a). *Id.*, 891 S.W.2d at 939. We further held that, although appellate counsel has no duty to file a petition for discretionary review under *Ayala*, if counsel does not file a petition, he has a duty under Article 26.04 "to advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review." *Id.* at 940.

Accordingly, under *Jarrett* and *Ayala*, "appeals are exhausted" under Article 26.04(a) when the court of appeals reaches its final disposition of a case and court-appointed appellate counsel has either advised the appellant of the possibility of review by this Court, expressing professional judgment as to possible meritorious grounds for review and delineating the advantages and disadvantages of

any further review, or filed a petition for discretionary review.

*Ayala* and *Jarrett* address situations distinguishable from the instant case; both involve defendants whose court appointed attorneys were reluctant to file petitions for discretionary review. The instant case is a mandamus action brought by a court appointed attorney who believed, in his professional judgment, that meritorious grounds for discretionary review existed, and he prepared and filed the petitions.

## II. Appellate Brief and Petition for Discretionary Review

Relator contends that, because appointment pursuant to Article 26.04 until "appeals are exhausted" includes as an alternative the filing of a petition for discretionary review, respondent has a ministerial duty under Article 26.05(a)(3) to compensate relator for preparing and filing the petitions for Soto and Milligan. Article 26.05 provides that appointed counsel shall be paid for the "preparation of an appellate brief to a court of appeals or the Court of Criminal Appeals." [8] Specifically, relator argues that this provision for compensation for the preparation of a brief to the Court of Criminal Appeals encompasses the preparation of a petition for discretionary review. Giving effect to the plain meaning of the statute's language, I disagree. *See Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991).

The Texas Rules of Appellate Procedure clearly distinguish a petition for discretionary review from a brief on the merits. Rule 202 details the procedural requirements for

---

**6.** Former Article 26.04 provided, in relevant part:

> Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. Acts 1965, 59th Leg., p. 317, ch. 722, section 1., eff. January 1, 1966.

**7.** Former Article 26.05 authorized fees to be paid to court appointed counsel "[f]or the prosecution to final conclusion of a bona fide appeal to a court of appeals or the Court of Criminal Appeals...." Acts 1981, 67th leg., p. 803, ch. 291, section 106, eff. September 1, 1981.

**8.** Texas Code of Criminal Procedure article 26.05 provides, in relevant part:

> (a) A counsel, other than an attorney with a public defender's office, appointed to represent a defendant in a criminal proceeding ... shall be paid a reasonable attorney's fee for performing the following services, based on the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel:
>
>     *    *    *    *    *    *
>
> (3) preparation of an appellate brief to a court of appeals or the Court of Criminal Appeals.

the filing and the content of a petition for discretionary review;[9] Rule 203 details very different procedural requirements for the filing and content of a brief on the merits.[10] In addition, Texas Code of Criminal Procedure article 1.051(d)(2) implicitly acknowledges the distinction: An indigent defendant is entitled to a court-appointed attorney to represent him in "an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or *if a petition for discretionary review has been granted.*" (emphasis added). Article 1.051(d)(2) suggests that the appeal process does not begin until a petition for discretionary review is granted. A reading of Articles 26.05 and 1.051(d) together omits provision of compensation for an appointed attorney for the preparation and filing of a petition for discretionary review. It entitles an appointed attorney to compensation for the appellate brief and other costs associated with the "appeal" only *after* a petition for discretionary review is granted. In this regard, the majority reached the proper conclusion. However, in light of its determination that the legislature did not intend to compensate attorneys, the majority fails to meaningfully review relator's constitutional claims.

### III. Takings Clause and Equal Protection Claims

A reading of Articles 26.04, 26.05 and 1.051 indicates that the legislature did not intend to compensate attorneys for the preparation and filing of petitions for discretionary review, regardless of whether the petitions are granted. Relator argues that this results in an unconstitutional "taking" of attorneys'

services without just compensation and a violation of equal protection.

Relator cites *State ex rel. Stephan v. Smith,* 242 Kan. 336, 747 P.2d 816 (1987), in which the Kansas Supreme Court held that when an attorney was required to advance expense funds out-of-pocket for an indigent without full compensation, the system violated the Fifth Amendment of the United States Constitution. *Id.* 747 P.2d at 841. Courts in other states have similarly held that the services of an attorney are a type of property subject to the protection of the Fifth Amendment, and failure to compensate court-appointed attorneys adequately is unconstitutional. *Arnold v. Kemp,* 306 Ark. 294, 813 S.W.2d 770, 774 (1991); *DeLisio v. Alaska,* 740 P.2d 437 (Alaska 1987); *McNabb v. Osmundson,* 315 N.W.2d 9 (Iowa 1982); *Bias v. State,* 568 P.2d 1269 (Okla.1977); *State ex rel. Partain v. Oakley,* 159 W.Va. 805, 227 S.E.2d 314 (1976); *People ex rel. Conn v. Randolph,* 35 Ill.2d 24, 219 N.E.2d 337 (1966). In *Arnold,* 813 S.W.2d at 774, the Arkansas Supreme Court held:

When attorneys' services are conscripted for the public good, such a taking is akin to the taking of food or clothing from a merchant or the taking of services from any other professional for the public good. And certainly when attorneys are required to donate funds out-of-pocket to subsidize a defense for an indigent defendant, the attorneys are deprived of property in the form of money.

Other states have held that the appropriation of an attorney's labor is a "taking" under the provisions of the state constitution. *DeLisio,* 740 P.2d at 444.[11]

---

**9.** Texas Rule of Appellate Procedure 202 provides, in relevant part:

(a) The Court of Criminal Appeals may review a decision of a court of appeals in a criminal case upon petition by the appellant or the State.

\*    \*    \*    \*    \*    \*

(d) A petition for discretionary review shall be as brief as possible. It shall be addressed to the "Court of Criminal Appeals of Texas" and shall state the name of the party or parties applying for review. The petition shall include the following:

(1) Index....
(2) Statement Regarding Oral Argument....
(3) Statement of the Case....

(4) Grounds for Relief....
(5) Reasons for Review....
(6) Prayer for Relief....
(7) Appendix....

**10.** Texas Rules of Appellate Procedure 203 provides, in relevant part:

(a) If review is granted, the petitioning party ... shall file a brief within 30 days of granting review.

\*    \*    \*    \*    \*    \*

(c) Briefs shall comply with Rule 74.

**11.** Although not specifically noted by relator, section 17 of the Texas Constitution provides that "[n]o person's property shall be taken, damaged,

Relator also argues that indigents in Soto's and Milligan's position are denied equal protection of the law if they cannot receive the benefit of counsel in applying for review by this Court. In *Ayala*, 633 S.W.2d at 526, we relied heavily on *Ross v. Moffit*, 417 U.S. 600, 610, 94 S.Ct. 2437, 2443–44, 41 L.Ed.2d 341 (1974), in which the United States Supreme Court held, "Unfairness results only if indigents are singled out by the State and denied meaningful access to the appellate system because of their poverty." Applying an equal protection analysis, the *Ross* Court held that an indigent in North Carolina had "meaningful access" to appellate review without the assistance of an attorney in a petition for discretionary review to the North Carolina Supreme Court.

The subject matter of *Ross* was the existing North Carolina system, which is distinguishable from the Texas system in several ways. The North Carolina statutes regarding appointment of counsel for indigents provided compensation for appeals taken as of right. N.C.Gen.Stat. § 7A–450 (1969 and Supp.1973). Unlike Texas, a defendant had a second appeal of right to the North Carolina Supreme Court in any criminal case "(1) [w]hich directly involves a substantial question arising under the Constitution of the United States or of this State, or (2) [i]n which there is a dissent...." N.C.Gen.Stat. § 7A–31 (1969). In Texas, no second appeal of right exists, and the Court of Criminal Appeals is purely a discretionary court, except regarding capital cases. Tex.R.App.P. 200. Also, North Carolina provided counsel for indigents in a wider variety of situations than Texas. For example, an indigent in North Carolina was entitled to services of counsel in any case where a fine of five hundred dollars or more was likely to be assessed, a hearing on a petition for a writ of habeas corpus, a post-conviction proceeding, and a probation revocation. *Compare* N.C.Gen.Stat. § 7A–451 (Supp 1973) *with* Tex.Code Crim.Proc.Ann. art. 26.04 (1994). Despite these significant distinctions, the *Ayala* Court did not compare existing Texas procedure with the North Carolina procedure

involved in *Ross* in concluding that "the Fourteenth Amendment does not require a state to provide indigents with the services of counsel in seeking discretionary review beyond the first step of appeal." *Ayala*, 633 S.W.2d at 527.

Relator contends that denying compensation to appellate counsel for preparing and filing a petition for discretionary review violates the Equal Protection Clause of the Fourteenth Amendment, particularly where an indigent claims that the court of appeals failed to fully or fairly address his contentions. One of the grounds for review raised in Soto's petition for discretionary review was that the Court of Appeals failed to comply with Texas Rule of Appellate Procedure 90(a) in neglecting to address every issue raised and necessary to final disposition of the appeal. Thus, in his petition for discretionary review, Soto argued that the Court of Appeals failed to "pass on" several of his claims as required by *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963). Relator argues that offering compensation to an indigent appellant's attorney who opts to prepare and file a petition for discretionary review will help assure equal protection of indigents in the appellate process.

An interpretation of Articles 26.04, 26.05, and 1.051 results in two scenarios which contravene the Fifth Amendment Takings Clause and the Fourteenth Amendment Equal Protection Clause. In the first, attorneys render their services *pro bono* in preparing and filing petitions. Even if a petition is granted and the attorney who filed the petition remains appointed counsel, he will receive compensation for preparing the appellate brief, but not for the petition. Since an appeal is not "exhausted" within the meaning of Article 26.04 until appointed counsel either informs the client of the court of appeals' disposition of the case, possible meritorious grounds for review, and the advantages and disadvantages of such review, or files a petition for discretionary review, failure to compensate attorneys for their

---

or destroyed for or applied to public use without adequate compensation being made...." Tex.

Const. art. 17.

work in exhausting the appeal is a "taking" of an attorney's services without just compensation in violation of the Fifth Amendment of the United States Constitution.

In the second scenario, an indigent defendant is on his own after the court of appeals has disposed of his case and counsel has advised him of the merits of further review pursuant to *Jarrett*, 891 S.W.2d 935. He may choose to prepare and file a petition for discretionary review *pro se*. This Court granted approximately eleven percent of the petitions for discretionary review disposed in 1994.[12] The chances that a petition will be granted are reduced when an indigent defendant, unfamiliar with the procedural requirements and substantive law, files a petition without the assistance of counsel. *See Degrate v. State*, 712 S.W.2d 755 (Tex.Crim. App.1986); *Pumphrey v. State*, 689 S.W.2d 466 (Tex.Crim.App.1985). Texas Rule of Appellate Procedure 200 lists the "character of reasons" for which this Court may grant review.[13] Each requires a firm grasp of the legal and factual aspects of the case for which review is sought, a knowledge of relevant procedural and substantive law, and access to current Court of Criminal Appeals and courts of appeals decisions. In the unlikely event that this Court grants review of a *pro se* petition, only then would the trial court appoint an attorney to represent the indigent.

After the court of appeals has disposed of his case, an indigent defendant may also become a *pro se* respondent if the State files a petition for discretionary review. As Judge Clinton noted in his concurring opinion in *Ayala*, 633 S.W.2d at 528, "Even now one feels pity for the indigent appellant whose appointed counsel achieved a reversal in the court of appeals and proudly retired from the appellate affray with his victory, leaving his erstwhile client to fend for himself when the State seeks discretionary review from this Court."

This second scenario raises equal protection concerns. In its amicus curiae brief, the Texas Criminal Defense Lawyers Association argues that all litigants, both rich and poor, should have meaningful access to discretionary review. Compensation for appellate counsel who, in their professional judgment and after consulting with their clients, choose to file petitions for discretionary review will help provide equal protection for indigents in the appellate process. Although compensation will not ensure that appointed counsel will choose to petition this Court in every deserving case, it will help avoid unfair denial of review in many cases.

In providing compensation for appointed counsel, Texas is complying with the holding in *Ross*, 417 U.S. at 607, 94 S.Ct. at 2442: "[A] State cannot arbitrarily cut off appeal rights for indigents while leaving open avenues of appeal for more affluent persons." Under the current Texas Code of Criminal Procedure, we have created two courts of last resort. The courts of appeals have become the courts of last resort for indigents, while those with resources need not stop there. The Court of Criminal Appeals has become,

---

12. The Court of Criminal Appeals Statistics for the Year Ending August 31, 1994 indicate that the Court granted 148 of a total of 1671 petitions for discretionary review disposed during that year.

13. Texas Rule of Appellate Procedure 200(c) provides, in relevant part:

In determining whether to grant or deny discretionary review, the following ... indicates the character of reasons that will be considered:

(1) Where a court of appeals has rendered a decision in conflict with the decision of another court of appeals on the same matter;

(2) Where a court of appeals has decided an important question of state or federal law which has not been, but should be settled by the Court of Criminal Appeals;

(3) Where a court of appeals has decided an important question of state or federal law in conflict with the applicable decision of the Court of Criminal Appeals or the Supreme Court of the United States;

(4) Where a court of appeals has declared unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance;

(5) Where the justices of the court of appeals have disagreed upon a material question of law necessary to its decision; and

(6) Where a court of appeals has so far departed from the accepted an usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

*de facto,* the court of last resort only for those with the resources to employ counsel to petition this Court. As the United States Supreme Court held earlier in *Griffin v. Illinois,* 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956), "[T]here can be no equal justice where the kind of an appeal a man enjoys depends on the amount of money he has."

Accordingly, Articles 26.04, 26.05, and 1.051 violate the Fifth Amendment Takings Clause and the Equal Protection Clause of the Fourteenth Amendment with respect to their failure to provide compensation for attorneys for their work in "exhausting" appeals.

## IV. District Court's Schedule of Fees

Although the Code of Criminal Procedure as it currently reads does not *require* a trial judge to compensate counsel for the petitions for discretionary review which he filed on behalf of his clients, nothing in the Code *prohibits* a court from authorizing payment. The 266th District Court's Schedule of Fees, adopted by the Administrative Judge of the 266th District Court on January 28, 1989 in accordance with Article 26.05(b) of the Texas Code of Criminal Procedure,[14] compels respondent to authorize payment. The schedule provides a fixed rate of $200.00 for "Representation in Petition for Discretionary Review." There is nothing in the schedule that indicates that the judge may authorize the fee only if the petition is granted, nor does it indicate that prior court approval is necessary. Thus, relator reasonably believed that he would be compensated for filing and preparing the petitions for discretionary review regardless of their disposition in the Court of Criminal Appeals.[15]

Further, the schedule also provides for a fee of $500.00 for "Appeal to the Court of Criminal Appeals." This is reasonably interpreted to mean that once a petition for discretionary review is granted, the district court will authorize a fee of $500.00 for the appellate brief and other expenses involved between the granting of the petition and the final disposition by this Court. This cannot represent the fee authorized for the direct appeal of a capital case as $500.00 would not come close to covering the costs of representation of a capital defendant.[16]

Pursuant to the 266th District Court's Schedule of Fees, respondent has violated his ministerial duty by refusing to authorize payment for relator's preparation and filing of two petitions for discretionary review. Accordingly, because the majority denies relator a writ of mandamus from this Court ordering respondent to authorize payment, I dissent. I further dissent to the majority's opinion for its failure to address relator's claim under the District Court schedule, discuss *Ex parte Jarrett*'s interpretation of the rule in *Ayala,* and meaningfully consider relator's constitutional claims.

BAIRD and OVERSTREET, JJ., join.

---

14. Article 26.05(b) provides:

> All payments made under this article shall be paid in accordance with a schedule of fees adopted by formal action of the county and district criminal court judges within each county, except that *in a county with only one judge with criminal jurisdiction the schedule will be adopted by the administrative judge of that judicial district.*

(emphasis added).

15. Respondent contends that he has never authorized payment of fees for the filing of an application for discretionary review, but has ordered payment for "representation in the proceeding if the Court of Criminal Appeals grants the application." Relator points out that respondent authorized compensation for at least three petitions for discretionary review that were denied for three different court-appointed attorneys in the 266th District Court after the Schedule of Fees took effect in February 1988. In addition, relator states that he has been unable to find *any* Erath County case involving a court-appointed attorney in which the Court of Criminal Appeals granted discretionary review between February 1, 1988 and June 30, 1994.

16. In it comprehensive study of representation in capital cases in Texas, the Spangenberg Group surveyed attorneys and judges involved in capital cases in Texas and found that the lowest amount paid for a direct appeal capital case was $2,000 and the highest amount $38,970. *The Spangenberg Group, A Study of Representation of Capital Cases in Texas* 76 (prepared for the State Bar of Texas, Committee on Legal Representation for Those on Death Row) (1993).