Donnie **BLAYLOCK**

v.

**Midland County Sheriff Gary PAINTER; Midland County Attorney Mark Dettman.**

Nos. MO–94–CA–209, MO–94–CA–244.

United States District Court, W.D. Texas, Midland–Odessa Division.

Oct. 2, 1995.

Donnie E. Blaylock, Abilene, TX, pro se.

Steve Hershberger, Midland, TX, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON ACTION TRIED WITHOUT A JURY PURSUANT TO FED.R.CIV.P. 52

GUIROLA, United States Magistrate Judge.

In this Title 42, United States Code, Section 1983 civil rights action Donnie Eugene Blaylock seeks damages based upon his claim that Defendants violated his constitutional right of access to the courts. Plaintiff alleges that while an inmate at the Midland County Detention Center he was allowed only limited access to the county law library. According to Plaintiff, his law library access was so restricted that he was unable to adequately research, prepare and timely file his petition for discretionary review before the Texas Court of Criminal Appeals.

A non-jury trial was conducted before a U.S. Magistrate Judge. After consideration of the evidence presented at trial, it is the opinion of the Court that Plaintiff has failed to prove a violation of his constitutional right to court access.

### FINDINGS OF FACT

Donnie Blaylock was convicted in Ector County, Texas of robbery and three counts of aggravated kidnapping. Blaylock appealed his convictions. While the appeal was pending, Blaylock's attorney advised him that in the event his appeal was unsuccessful he could seek discretionary review before the Court of Criminal Appeals. Blaylock was also told that he would have to file his own petition for discretionary review without the benefit of court appointed counsel. Anticipating an adverse ruling at the Court of Appeals level, Blaylock decided he would file a *pro se* petition for discretionary review. While still in the custody of the Texas Department of Criminal Justice Institutional Division (TDCJ–ID) Blaylock undertook some initial research at the TDCJ–ID law library.

On June 1, 1994 Blaylock was transferred to the Midland County where he faced pending forgery charges. When Blaylock arrived at the Midland County Detention Center he already had access to his appellate brief and research materials from the TDCJ–ID law library. The Eight District Court of Appeals affirmed Blaylock's Ector County convictions on June 16, 1994. Blaylock's appellate counsel provided him with a copy of the opinion. On August 31, 1994 the Court of Appeals granted Blaylock's motion to obtain and review the trial record. The Court of Appeals also granted Blaylock an additional 30 days

to review the trial record. In the meantime the Court of Criminal Appeals granted Blaylock three separate filing extensions within which to file his petition for discretionary review. A final filing deadline of November 30, 1994 was established.

Blaylock made his first written request to use the county law library for the purpose of research relating to his petition for discretionary review on September 28, 1994. The second request was made on October 2, 1994. Blaylock was finally allowed to spend four hours in the county law library on November 4, 1994. He was allowed two additional visits of three hours each on November 16 and 26, 1994. During each of these law library visits, Blaylock directed jail officials to photocopy cases and materials. He was permitted to take these legal materials to his cell. He was also permitted to work on his pending legal matters without interference. Despite a November 30, 1994 deadline, Blaylock mailed his Petition for Discretionary Review from the Midland County Detention Center on December 4, 1994. According to Blaylock, he believed his filing was timely because he was advised by an attorney that he would probably be allowed ten "grace" days after the deadline to file his petition for discretionary review. On January 4, 1995 the Court of Criminal Appeals refused Blaylock's petition for discretionary review as untimely.

Plaintiff contends that the Defendants' failure to provide him with a sufficient amount of time at the Midland County law library was the direct cause of his belated petition.

## CONCLUSIONS OF LAW

 Incarcerated individuals have a constitutional right to access to the courts. That access must be adequate, effective, and meaningful. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

The fundamental constitutional right to access to the court requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoner with adequate law libraries or adequate assistance from persons trained in the law. *Id.* at 828, 97 S.Ct. at 1498.

 The precise contours of a prisoner's right to court access remain obscure. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).[1] However, a prisoner's denial of access to a law library does not necessarily translate into a denial of access to the courts. An evaluation of whether a prison official's conduct encroaches on an individuals constitutional right to access to the courts must take into account the nature of the particular judicial proceeding for which the inmate is preparing. In our circuit, the right to access to the courts is limited to presentation of constitutional claims such as civil rights complaints and habeas corpus petitions. *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir.1986). The Fifth Circuit has not specifically addressed whether *"Bounds"* access extends to the *pro se* filings of petitions for discretionary review. "Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion." TEX.R.APP. PROC. 200(b). Criminal defendants are not entitled to appointed counsel to seek discretionary review under federal[2] or state law[3]. Additionally, other jurisdictions have held that the right of access to the courts does not include an obligation on the part of a state to provide a law library or legal materials to an inmate pursuing a discretionary direct review of a criminal conviction. *Sahagian v. Dickey*, 827 F.2d 90, 98 (7th Cir.1987).

## REASONABLE ACCESS TO AN ADEQUATE LAW LIBRARY

 Assuming that the nature of an inmate's judicial proceedings trigger a consti-

1. *See Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir.1985) ("Perhaps because their textual footing in the Constitution is not clear, these principles suffer for lack of internal definition and prove far easier to state than to apply.").

2. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

3. TEX.CODE CRIM.PROC.ANN. art. 1.051(d)(2) provides for appointment of counsel in an appeal to the Court of Criminal Appeals *only* if a petition for discretionary review has been granted.

tutional right to court access, a prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two elements. First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir.1994). The existence of an adequate law library does not provide for meaningful access to the court if the inmates are not allowed a reasonable amount of time to use the library. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir.1985). Prisoners, however, are not guaranteed unlimited access to the law library; access may be limited by time, manner, and place regulations. *Id.* Adequacy of access cannot be measured by mere calculation. The paramount consideration is whether the hours of availability are sufficient to provide time for meaningful legal research. *Cruz v. Hauck*, 627 F.2d 710, 719 (5th Cir. 1980).

The evidence tends to establish that in November of 1994 Blaylock was permitted county law library access on three occasions for a total of ten hours. During each visit he made numerous photocopies. Blaylock was allowed to take photocopied legal material to his cell and permitted to work at his convenience for as long as he wished. Prior to his law library visits Blaylock had in his possession the original appellate brief prepared by his retained counsel, a copy of the Court of Appeals opinion and access to the trial record.

Requests for discretionary review before the Texas Court of Criminal Appeals are covered by Rule 202 of the Texas Rules of Appellate Procedure. The rule contemplates a pleading which shall be as "brief as possible" and loosely follows the format of an appellate brief. Unfortunately Plaintiff

squandered the bulk of his time preparing a lengthy appellate brief.[4] The brief did not address any of the original points of appeal but instead raised new allegations of ineffective assistance of counsel. It appears that the essential materials (such as the appellate brief, court's opinion, and trial transcript) for preparation of a petition for discretionary review were in Plaintiff's possession without resort to a law library.[5] The Court notes that Blaylock is of higher than average intelligence. He has demonstrated the ability to prepare and file pleadings, present evidence, conduct effective cross examination and articulate legal concepts. In short, having viewed Blaylock's abilities first hand, there is no reason to conclude that ten hours of law library access would not provide Plaintiff enough time to research the requisites of Tex.R.App.Proc. 202. Blaylock was given unlimited access to his legal materials and permitted to work while in his cell. The availability of his legal materials and the continuous ability to prepare documents between library visits coupled with the time allotted in the law library ensured Blaylock's access to the courts. *See Strickler v. Commonwealth*, 989 F.2d 1375, 1387 (4th Cir. 1993). Moreover, this Court is unable to conclude that "more likely than not", Plaintiff's late filing was caused by restricted access to the law library as opposed to Plaintiff's own lack of diligence.

## CONCLUSION

It is not necessary for this Court to determine whether the constitutional right to court access is implicated when an inmate seeks to prepare a petition for discretionary review of a criminal conviction under Texas law. Even assuming that it does, it is the opinion the Court that the law library time allotted Blaylock for the limited purpose of researching materials for the preparation

---

**4.** Discretionary review briefs are not required *unless* a petition for discretionary review has been granted. Tex.R.App Proc 203; *see also Peterson v. Jones*, 894 S.W.2d 370 (Tex.Ct.Crim. App.1995).

**5.** *See Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Meaningful access is provided when the prisoner has the benefit of "a transcript or other record of trial proceedings, a

brief on his behalf in the Court of Appeals setting forth his claims of error, and in many cases an opinion by the Court of Appeals disposing of his case. These materials, supplemented by whatever submission respondent may make pro se, would appear to provide the ... [C]ourt with an adequate basis for its decision to grant or deny review." *Id.*, 417 U.S. at 615, 94 S.Ct. at 2446.

and filing of a petition for discretionary review was reasonable. Blaylock's access to the law library in combination with the essential materials he already possessed, his unlimited access to photocopied research materials, and the unrestricted ability to work in his cell provided Blaylock adequate, effective and meaningful access to the courts.

For the reasons stated herein, this Court is of the opinion that judgment should be rendered in favor of the Defendants. Accordingly,

**IT IS ORDERED AND ADJUDGED,** that pursuant to FED.R.CIV.P. 58 the Clerk of the Court shall enter a Judgment consistent with this memorandum opinion.

**SO ORDERED AND ADJUDGED.**