IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00388-CV

 

Charles L. Johns,

                                                                      Appellant

 v.

 

Richard Johnson, 

Janie Cockrell, et al.,

                                                                      Appellees

 

 

 



From the 87th District Court

Freestone County, Texas

Trial Court # 02-313-B

 



MEMORANDUM 
Opinion



 








          Charles Louis Johns is an inmate at a Texas prison. 
He filed an in forma pauperis
lawsuit in the district court naming eight individual employees of the Texas
Department of Criminal Justice – Correctional Institutions Division as
co-defendants.  Johns filed his original petition
pursuant to 42 U.S.C., section 1983, alleging denial of access to courts,
denial of equal protection, retaliation, and harassment in violation of the
First, Fifth, and Fourteenth Amendments of the United States Constitution.  He further alleged the “tort of theft” and
deprivation of personal property.  The
district court dismissed Johns’s claims with prejudice as frivolous under
section 14.003 of the Texas Civil Practice and Remedies Code.  Johns appeals pro se, arguing (1) that the
trial court erred in dismissing his petition as frivolous and (2) that the
trial court erred in dismissing his petition with prejudice.

Background

          Johns
asserted his claims based on allegations that the defendants interfered with
his access to court rights by interfering with his law library appointment, by
intentionally destroying his legal document, and by confiscating his legal
dictionary.  He alleges he was harassed
and retaliated against for filing grievances and this civil action.

Standard
of Review

          When
an inmate plaintiff files an affidavit of inability to pay, the trial court has
broad discretion to dismiss the suit as frivolous or malicious.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2) (Vernon 2002); Perales v. Kinney, 891 S.W.2d 731, 733
(Tex. App.—Houston [1st Dist.] 1994, no writ). 
Generally the dismissal of inmate litigation under Chapter 14 is
reviewed for abuse of discretion.  Hickson v. Moya, 926 S.W.2d 397, 398
(Tex. App.—Waco 1996, no writ.).

          A
trial court may dismiss a claim as frivolous when it has no arguable basis in
law or fact.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(2), (b)(2). 
A fact hearing is only necessary if the claim has an arguable basis in
law.  Denson
v. T.D.C.J.-I.D., 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet.
denied).  In this case, the trial court
held no fact hearing.  Thus its basis for
determining that Johns’s causes of action were frivolous could not have been
because it found they had no arguable basis in fact, but because they had no
arguable basis in law.  Id.  The
issue as to whether there was an arguable basis in law is a legal question that
we review de novo.  Id.; see also
In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994) (stating that questions of law are always
reviewable de novo).  We examine the
types of relief and causes of action Johns pled in his petition to determine if
they have an arguable basis in law.

Official
Capacity Claims

          Johns’s
petition states he is suing five of the eight defendants in their “individual
and official capacities” pursuant to 42 U.S.C., section 1983.  Suits against state officials in their
“official capacities” are equivalent to suits against the State.  Hafer
v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Kentucky v.
Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114
(1985).  States are not “people” that may
be held liable for purposes of section 1983 claims.  Will v.
Michigan Dep’t
of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45
(1989).  Johns’s section 1983 claims against
the defendants in their official capacities do not have an arguable basis in
law and the trial court properly dismissed them.

Access
to Courts

          Johns’s
petition claims that defendants Johnson and Nichols interfered with his access
to courts in violation of the First and Fourteenth Amendments.  Specifically, he alleges that Johnson refused
to timely release him from his cell for a library visit and verbally and
physically threatened him.  He alleges
that Nichols harassed him on his way to the law library, destroyed part of a
writ of habeas corpus, and confiscated some legal supplies.

          An
inmate has a constitutional right of access to courts.  Tighe
v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). 
That access must be adequate, effective, and meaningful.  Bounds
v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  The right of access requires prison
authorities to provide access to adequate law libraries or adequate assistance
from persons trained in the law.  Id.; Thomas
v. Brown, 927 S.W.2d 122, 125 (Tex. App.—Houston 1996, writ denied).

          To
establish a cognizable claim, however, an inmate must show that he sought
library access for a reason—such as litigating civil rights complaints or
habeas corpus petitions—that would trigger a constitutional right to access the
courts.  Blaylock v. Painter, 901 F. Supp. 233, 235 (W.D. Tex. 1995) (citing
Mann v. Smith, 796 F.2d 79, 83 (5th
Cir. 1986)).  Assuming the inmate’s
purpose in visiting the library would trigger a constitutional right of access,
he must still establish that the access was so limited as to be unreasonable
and that the inadequate access caused him actual injury.  Id.
at 236; see also Walker v. Navarro County
Jail, 4 F.3d 410, 413 (5th Cir. 1993) (holding that an inmate claiming
denial of access to courts must allege at least some legal prejudice as a
result of the alleged constitutional violation).  Johns’s petition describes only one occasion
where his law library access was delayed. 
This allegation, if true, would not constitute unreasonably limited
access.  Johns does not allege that he
suffered any legal prejudice or actual harm by the delay.  Johns’s claim that Nichols took clips holding
the carbon paper in place and thereby destroyed part of a writ of habeas corpus
also fails to allege harm or prejudice that would support a claim.  See
Aguilar v. Chastain, 923 S.W.2d 740,
744 (Tex. App.—Tyler 1996, writ denied) (holding that crumpling of papers and
loss of some pens was de minimus
actual harm and no alleged prejudice).  Johns’s
petition fails to adequately state a claim for denial of access to the courts.




Harassment

          Johns’s
petition alleges harassment and “verbal assaults” in his section 1983
claim.  The Fifth Circuit Court of
Appeals has held that a claim for “verbal abuse by a prison guard does not give
rise to a cause of action under § 1983.” 
Siglar v. Hightower, 112 F.3d
191, 193 (5th Cir. 1997) (citing Bender
v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).  Johns makes no allegation that he was
physically harmed or suffered any bodily injury.  Johns’s harassment claims have no arguable
basis in law.

Retaliation

          To
prevail on a retaliation claim, an inmate must be able to establish: i) a
specific constitutional right; ii) the defendants’ intent to retaliate against
him for exercising that right; iii) a retaliatory adverse act; and iv)
causation – a showing that “but for the retaliatory motive, the complained of
incident would not have occurred.”  McDonald v. Steward, 132 F.3d 225, 231
(5th Cir. 1998).  A retaliation claimant
must be able to show more than a personal belief that he is the victim of
retaliation.  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  Johns’s petition fails to allege facts or a
chronology of events showing that the defendants acted in retaliation against
him for exercising a specific constitutional right.  Johns failed to adequately state a
retaliation claim.

Personal
Involvement

            Johns’s
petition alleges that six of the defendants failed to take corrective action or
to prevent Johnson and Nichols from violating his rights and therefore denied
him equal protection under the Fourteenth Amendment.  Personal involvement is an essential element
in a civil rights cause of action alleging constitutional deprivation.  Thompkins
v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). 
Under section 1983, supervisory officials are not liable for the acts or
omissions of subordinates on any theory of vicarious liability.  Id. 
Supervisors may be held liable if they affirmatively participated in the
acts giving rise to the constitutional deprivation or if there is a causal
connection between a supervisor’s wrongful conduct and the constitutional
violation.  Id. at 304. 
Johns fails to allege any affirmative participation by the six
defendants in a constitutional deprivation and fails to allege wrongful conduct
on their part that caused a constitutional violation.  The trial court correctly dismissed Johns’s
claims as a matter of law.

Personal
Property

          Johns
alleges that Nichols deprived him of paper clips and a legal dictionary.  He calls this claim a “tort of theft,” but
his claim appears to be that he was deprived of his personal property in
violation of his due process rights.  The
Due Process Clause of the Fourteenth Amendment provides that no state shall
"deprive any person of life, liberty or property without due process of
law."  U.S. Const. amend. XIV. 
A prison official's unauthorized intentional act that deprives an inmate
of property is not a constitutional violation if there exists an adequate
post-deprivation remedy.  Hudson v.
Palmer, 468 U.S. 517, 535, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984);
Aguilar, 923 S.W.3d at 744.  The Legislature has provided an
administrative remedy to pay inmates' claims for property lost or damaged by
the Department of Corrections.  See
Tex. Gov’t Code Ann. §§ 501.007, 501.008 (Vernon 2004).
 Accordingly, we conclude Johns's due
process claim had no arguable basis in law.




With
or Without Prejudice

          Johns’s
second issue argues that the trial court abused its discretion by dismissing his
claim with prejudice.  The defendants
agree.  Dismissal with prejudice
constitutes adjudication on the merits and operates as if the case had been
fully tried and decided.  Mossler v. Shields, 818 S.W.2d 752, 754
(Tex. 1991). 
Dismissal with prejudice may also be proper as a sanction for abuse of
discovery, on the failure of a plaintiff to amend deficient pleadings when
given that opportunity, for the violation of a pretrial order, or on agreement
of the parties.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet).  Dismissal with prejudice is improper in
Johns’s case.  The proper order is
dismissal without prejudice.

Conclusion

          Because Johns’s petition states no claim with an arguable basis in
law, the trial court properly dismissed his claim as frivolous.  We overrule his first issue.  We sustain his second issue that the trial
court erred in dismissing the claim with prejudice.  We reform the judgment to provide that the
cause is dismissed without prejudice.  As
reformed, the judgment is affirmed.

          We
note that Johns owes fees in this case. 
Because he proceeded in forma
pauperis in the trial court, our attempts to collect the fees would
essentially be a waste of our resources. 

Thus, payment of all fees is waived.

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray dissenting)

Reformed and
affirmed

Opinion
delivered and filed February 23,
 2005

[CV06]