**Ex parte Roy Lee FONTENOT,**
Applicant.

No. 73185.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1999.

Roy Lee Fontenot, Rosharon, pro se.

Ernest Davila, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

1. Applicant's first application also raised allegations of ineffective assistance of appellate

*OPINION*

The opinion is delivered PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted in 1985 of aggravated robbery. Punishment was assessed at life imprisonment. This conviction was affirmed, *Fontenot v. State*, 704 S.W.2d 126 (Tex.App. Houston [1st] 1986, no pet.).

Applicant contends that he was denied an opportunity to file a *pro se* petition for discretionary review because his appellate attorney did not timely advise him as to his right to pursue discretionary review. In response to this allegation, counsel has filed an affidavit in which he states that, although he does not have any independent recollection of this case, he is certain he communicated to applicant that his appeal had been affirmed. Counsel also states, "I probably did outline some of his options but I cannot state under oath that I advised him specifically that he could pursue discretionary review on his own." Counsel further states that he is "quite certain" he did not give applicant information that he could pursue discretionary review on his own. The trial court entered findings that the facts asserted in counsel's affidavit were true, but did not enter any conclusions of law.

As this is applicant's second writ of habeas corpus collaterally attacking his conviction, we first determine whether Applicant has met one of the exceptions to dismissal under Article 11.07, Section 4, V.A.C.C.P.[1]

Article 11.07, Section 4, states:

"a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not

counsel.

consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

"(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the application filed the previous application;

"(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

"(b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date...."

Applicant asserts that this Court may consider the merits in the instant cause as the legal basis of this claim was unavailable at the time he filed his previous application.[2] Specifically, applicant contends the legal basis for his claim did not come into being until this Court's decision in *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Cr.App. 1994), and the subsequent decision in *Ex parte Wilson*, 956 S.W.2d 25 (Tex.Cr.App. 1997).

In *Jarrett*, the Court held that appellate counsel's duties, after the affirmance of conviction on direct appeal, included informing an appellant of the affirmance in a timely manner, explaining the meaning and effect of the appellate court's decision, expressing professional judgment about possible grounds for review, and discussing advantages and disadvantages of further review. *Jarrett*, 891 S.W.2d at 940, 944. The Court held that these duties originated from two related sources.

The first source was Article 26.04, V.A.C.C.P., as amended in 1987. Prior to the 1987 amendments to the statute, Article 26.04(a) of the Texas Code of Criminal Procedure provided that:

"Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence."

"In 1987, the Legislature added the following language to the statute:

"An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." Amended by Acts 1987, 70th Leg., ch. 979, § 2, eff. Sept. 1, 1987.

The second source was our decision in *Ex parte Axel*, 757 S.W.2d 369 (Tex.Cr. App.1988). In *Axel*, the Court held that, until permitted to withdraw, trial counsel, whether retained or appointed, has the duty, obligation, and responsibility to consult with and fully advise his client concerning the meaning and effect of a judgment rendered by a court. We further held that counsel has a duty to consult with and fully advise his client of his right to appeal from that judgment, the necessity of giving notice of appeal, taking other steps to pursue an appeal, as well as expressing his professional judgment as to

---

**2.** Applicant's first writ of habeas corpus under Article 11.07, was filed in this Court on October 16, 1992, and relief was denied on November 18, 1992.

possible grounds for appeal and their merit, and delineating the advantages and disadvantages of appeal. *Axel,* 757 S.W.2d at 369, 374.

However, our subsequent decision in *Wilson* found the reliance in *Jarrett,* on Article 26.04 and *Axel* was misplaced because these concern an appeal one has *of right.* In *Wilson,* we held that to render effective assistance on appeal counsel must notify the client the case has been affirmed and that the client can pursue discretionary review on his own. Also, we overruled *Jarrett* to the extent it held that an appellate attorney has an obligation to inform a defendant of anything other than the aforementioned facts. The overruling of that portion of our decision in *Jarrett* was based on the realization that this Court had erroneously analogized the duties of appellate counsel after the court of appeals has decided a case, to that of the trial attorney in *Axel* after the defendant has been sentenced. *Wilson,* 956 S.W.2d 25, 27. Despite the overruling of this portion of the holding in *Jarrett,* both opinions reaffirmed this Court's seminal decision in *Ayala v. State,* 633 S.W.2d 526 (Tex.Cr. App.1982), concerning counsel's duties with regard to the filing of a petition for discretionary review.

Prior to this Court's decision in *Axel,* or the passage of Article 26.04 by the Legislature, this Court held in *Ayala,* that a defendant has no constitutional right to counsel for purposes of filing a petition for discretionary review, even though a defendant has a right to file a petition for discretionary review *pro se. Ayala,* 633 S.W.2d at 528. The Court further stated in footnote four of the opinion that:

> "This is not to say that indigent appellants have no recourse from the misfeasances of appointed counsel after the decision of an intermediate court. If an appointed counsel deprived the client of his right to apply, pro se, for discretionary review—by volunteering to make a timely application for discretionary review and failing to do so, for example—

then there might be a due process violation. See *Wainwright v. Torna,* 455 U.S. 586, 588, n. 4, 102 S.Ct. 1300, 1301, n. 4, 71 L.Ed.2d 475 (1982)". *Ayala,* 633 S.W.2d at 528 n. 4.

Even though this note does not set out any particular guidelines concerning when counsel might deprive his client of his right to file a *pro se* petition for discretionary review, other than the obvious hypothetical example given, it does reflect that counsel could be ineffective if, through either an act of commission or omission, he caused the deprivation of that right.

Article 11.07, Section 4(b), states, in pertinent part, that, when analyzing a claim for purposes of the statute, the applicant must show the claim could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this State on or before that date. Applicant's prior application was both filed with this Court and denied by this Court in 1992. This is approximately ten years after the Court's decision in *Ayala,* and four years after the decision in *Axel.*

Applicant has not shown that he could not have reasonably formulated the instant claim in 1992. The language in *Axel,* points to heightened standards expected of criminal defense lawyers as they relate to the appellate process. Citing our decision in *Ayala,* applicant contends in the instant application, "Though there is no right to have discretionary review granted by the Texas Court of Criminal Appeals, that Court has held that due to the very fact the provision exists there is a right to make a request for such a review." The Applicant is partially correct, as there is a right to pursue discretionary review on a *pro se* basis and this right was recognizable at least ten years prior to the filing of his previous application with this Court.

Applicant's contention that he is entitled to an out-of-time petition for discretionary review due to counsel's failing to inform

Applicant of his right to file a *pro se* petition for discretionary review could have been reasonably formulated under the Court's prior decisions in both *Ayala* and *Axel* and the revised language of Article 26.04(a).

The application is dismissed pursuant to the provisions of Article 11.07, Section 4, of the Texas Code of Criminal Procedure.

MANSFIELD, J., filed a concurring note; JOHNSON, J., filed a dissenting opinion.

MANSFIELD, J., files concurring note:

I concur in the result as application is not entitled to relief. I would deny this application, having been filed 14 years after his conviction, as being barred by laches.

JOHNSON, J., dissenting.

I respectfully dissent. The majority dismisses the instant application for a writ of habeas corpus because, pursuant to Tex. Code Crim. Proc. art. 11.07, § 4, it finds that applicant could have raised this claim in his prior writ application. *Ante,* at 34. However, this result is premised upon the basis that the instant application is a collateral attack on applicant's conviction. *Ante,* at 32. This premise is incorrect.

In *Ex parte Evans,* 964 S.W.2d 643, 647 (Tex.Crim.App.1998), we found that "the procedural bar of § 4 is limited to instances in which the initial application raises claims regarding the validity of the prosecution or the judgment of guilt. It does not apply to claims regarding other matters, such as parole revocations." On that basis, we held that a writ application concerning a parole revocation hearing was not a claim which challenged a conviction within the meaning of § 4. *Id.* Then, in *Ex parte Whiteside,* No. 73,064, 1999 WL 391552, at *2–*4 (Tex.Crim.App. June 16, 1999) (op. on original submission),[1] we interpreted § 4 to mean that a subsequent writ application was barred only when both it and the previous writ application raised claims that "challenged the conviction." On that basis, we held that although the applicant's initial writ application attacked the merits of his conviction, his subsequent application was not barred by § 4, as it raised a time-credit claim, which we interpreted not to be an attack on the conviction. Id. at *4.

Similarly, today's writ application is not a claim regarding the validity of the prosecution or the judgment of guilt. Rather, it is a claim regarding applicant's post-conviction right to pursue a petition for discretionary review. Applicant merely contends that he was denied an opportunity to file a pro se petition for discretionary review because his appellate attorney did not timely advise him as to his right to pursue discretionary review. Thus, he asks that he be allowed an opportunity to file such a petition now. There is little doubt that, were we to grant his request, his subsequent petition would challenge his conviction. Nevertheless, that is irrelevant. What is relevant is that his application today does not challenge his conviction. Therefore, I would find that § 4 does not bar consideration of this application.

---

1. We have granted a motion for rehearing in *Whiteside.* As of now, however, our opinion on original submission is still the law.