NO. 07-01-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 17, 2002



______________________________




CARLOS MATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13917-0012; HONORABLE JACK R. MILLER, JUDGE



_______________________________


 

ON PRO SE MOTION FOR EXTENSION OF TIME TO FILE


MOTION FOR REHEARING AND COUNSEL'S MOTION TO WITHDRAW


Before QUINN, REAVIS and JOHNSON, JJ.

 By our opinion of January 18, 2002, we affirmed the judgment of the trial court. 
Pending before this Court is appellant's pro se motion seeking (1) a hearing on his status
as an indigent, and (2) a second extension of time in which to file his motion for rehearing. 
Also, appointed counsel has filed a motion to withdraw asserting, among other things, that
appellant has instructed him to file a petition for discretionary review to the Court of
Criminal Appeals. We will first address appellant's requests and then consider counsel's
motion to withdraw.

Appellant's Motion


 Appellant's status as an indigent has already been established in the trial court. 
Thus, his motion for a hearing on that status is moot. See Tex. Code Crim. Proc. Ann. art.
26.04(p) (Vernon Pamph. Supp. 2002). Further, pursuant to Rule 49.8 of the Texas Rules
of Appellate Procedure, this Court's authority to rule on a motion for extension of time for
filing a motion for rehearing is discretionary. Accordingly, appellant's request for a second 
extension of time in which to file a motion for rehearing is overruled. 

Counsel's Motion to Withdraw


 In Ayala v. State, 633 S.W.2d 526, 527-28 (Tex.Cr.App. 1982), the Court held that
the Fourteenth Amendment and former articles 26.04 and 26.05 of the Texas Code of
Criminal Procedure did not impose any duty on the State to provide counsel to an indigent
seeking discretionary review to the Court of Criminal Appeals. Also, where appointed
counsel was of the opinion that there were no grounds for review, the Court concluded that
appellant was not automatically entitled to assistance of court-appointed counsel to file a
petition for discretionary review. Id. Further, the current version of article 26.04(j)(2)
providing that appointed counsel shall represent the defendant until "charges are
dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved
of his duties . . ." is substantially similar to the former provisions for purpose of exhaustion
of appeals. 

 Appellant does not have a right to discretionary review of the decision of this Court
by the Court of Criminal Appeals, instead review is at the discretion of the Court. Tex. R.
App. P. 66.2. Further, appellant does not have a constitutional right to counsel for
pursuing discretionary review, even though he has a right to prepare and file a pro se
petition for review. Ex Parte Fontenot, 3 S.W.3d 32, 34 (Tex.Cr.App. 1999); Ex Parte
Wilson, 956 S.W.2d 25, 26 (Tex.Cr.App. 1997). Thus, the order of the trial court
appointing counsel does not require him to present a petition for discretionary review and
counsel is of the opinion that no grounds for filing a petition for discretionary review exist. 
The appeal has been exhausted, therefore counsel's motion to withdraw is granted. 

 IT IS SO ORDERED.

 Don H. Reavis

 Justice


Do not publish. 



wing:
          1.       whether appellant desires to prosecute the appeal, and if so,

2.whether appellant is indigent and entitled to appointed counsel.
          If the trial court determines that appellant does want to continue the appeal and is
indigent, then the trial court shall also take such measures as may be necessary to assure
appellant effective assistance of counsel, including the appointment of new counsel if
necessary. The trial court should cause the clerk of this court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed or the newly-retained attorney. Finally, the trial court shall execute findings of fact, conclusions of law,
and such orders as the court may enter regarding the aforementioned issues and cause
its findings and conclusions to be included in a supplemental clerk's record. A
supplemental record of the hearing shall also be included in the appellate record. Finally,
the trial court shall file the supplemental clerk's record and the supplemental reporter's
record with the Clerk of this Court by May 21, 2009.
          It is so ordered.
Per Curiam
Do not publish.